828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Jack WEST, Debtor-Appellant.
 No. 86-3953
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before MILBURN and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Debtor West appeals a district court order affirming the bankruptcy court's refusal to reopen, under 11 U.S.C. Sec. 350(b), debtor's voluntary bankruptcy petition, which had been dismissed under 11 U.S.C. Sec. 727(a)(6) at the instance of a creditor and the trustee for failure to attend a scheduled meeting of creditors. We hold that the bankruptcy court abused its discretion by denying debtor's motion to reopen on grounds not placed in issue by the parties.
 
 
 2
 West first filed for bankruptcy in 1984, soon after a severe beating, which fractured his skull and forced him to close his small business. This petition, filed without the assistance of a lawyer, contained significant omissions. Among these were the failure to list business inventory as assets and the failure to mention that West had transferred his business to a Delaware corporation called Metropolitan Enterprises, Inc., of which West himself was the sole officer and shareholder.
 
 
 3
 West's petition was 'dismissed' in November 1984, after West had three times failed to 'appear and submit to examination under oath,' as required by 11 U.S.C. Sec. 343. At the first scheduled meeting of creditors, West appeared and obtained a continuance. He did not appear at the rescheduled meeting, pleading illness. After the meeting was rescheduled yet again, West again failed to appear, this time giving no explanation.
 
 
 4
 One creditor and the trustee filed separate motions for involuntary dismissal of the petition. After a hearing, the bankruptcy court granted the creditor's 'motion to dismiss under 11 USC 727(A)(6),' which alleged a 'failure of the Debtor to obey a lawful order of the Court in that the Debtor has failed to appear at his first meeting of creditors.'
 
 
 5
 In August 1985, having in the interim hired a lawyer, West filed a motion to set aside the dismissal of his petition, citing Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(1). The motion alleged that the beating suffered by West in July 1984 had caused, in addition to temporary physical symptoms, a more tenacious psychological ailment, since diagnosed as 'post-traumatic stress disorder.' It was this disorder, West claimed, that caused his irrational mishandling of his bankruptcy petition, and the dismissal should accordingly be set aside as attributable to 'excusable neglect.' West relied principally upon the deposition of the psychiatrist who diagnosed the post-traumatic stress disorder.
 
 
 6
 The opponents of the motion contended that there had been no abuse of discretion in the initial denial, citing Sec. 350(b) of the Bankruptcy Code, 11 U.S.C. Sec. 350(b), and Bankruptcy Rule 5010, and that West had therefore failed to demonstrate that his 'closed' case should be 'reopened.'
 
 
 7
 The court denied relief, reasoning as follows:
 
 
 8
 'That there may have been good reason for debtor to have failed to appear at the Sec. 341 meeting will not avail him. The only reason for reopening the case, and, in the language of Sec. 350, the 'relief to the debtor' which is sought to be accorded, would be the securing of a discharge of debtor from his debts. On the record before us, together with our observations of the witnesses at the hearing and their demeanor, we are left with no doubt that such an outcome would not occur in this case.'
 
 
 9
 In reaching this conclusion, the bankruptcy court relied not upon Bankruptcy Code Sec. 727(a)(6), which provided the original rationale for denying discharge, but upon Sec. 727(a)(2)(A), a provision never before mentioned by anyone at any point in the case.
 
 
 10
 Federal Rule of Civil Procedure 60(b)(1) permits relief from a final order 'upon such terms as are just' if the moving party can show that the previous adverse result was the consequence of 'excusable neglect.' Bankruptcy Rule 9024 provides that Rule 60(b)
 
 
 11
 'applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation period prescribed in Rule 60(b). . . .'
 
 
 12
 The Advisory Committee Note to Rule 9024 explains that:
 
 
 13
 'Motions to reopen cases are governed by Rule 5010. . . . For the purpose of this rule all orders of the bankruptcy court are subject to Rule 60 F.R.Civ.P.'
 
 Rule 5010 says:
 
 14
 'A case may be reopened on motion of the debtor or other party in interest pursuant to Sec. 350(b) of the Code.'
 
 Section 350(b) provides:
 
 15
 'A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.'
 
 
 16
 These rules and cross-references suggest that the substantive standards of both Rule 60(b) and of Sec. 350(b) apply to this motion to reopen.
 
 
 17
 Generally, the bankruptcy court's findings are protected by the 'clearly erroneous' standard set forth in Bankruptcy Rule 8013, and the bankruptcy court's refusal to reopen 'will not be set aside absent abuse of discretion.' In re Rosinski, 759 F.2d 539, 541 (6th Cir. 1985).
 
 
 18
 In this case, however, the bankruptcy court decided the merits of entitlement to discharge without ever reopening the case, and indeed relied upon that determination as its sole rationale for denying reopening. This procedure deprived the parties of a fair hearing, because they had no notice that discharge vel non would be placed in issue, and no possible way of anticipating that the court would rely upon Sec. 727(a)(2)(A) as the basis for its decision.
 
 
 19
 We consider the reliance upon Sec. 727(a)(2)(A) particularly striking because the bankruptcy court did not find, and our review of the record does not reveal, when West transferred his business to Metropolitan Enterprises, Inc. Section 727(a)(2)(A) requires that an act of concealment occur 'within one year before the date of the filing of the petition.' The bankruptcy court found only, consistently with the record, that the transfer occurred '[a]t some time prior' to the July 1984 assault.
 
 
 20
 In In re Gray, 60 Bankr. 428 (D.R.I. 1986), the debtor sought to reopen in order to list certain debts that he had omitted to mention when his estate was first administered. The bankruptcy court denied reopening and also declared, sua sponte, that the omitted debts were not dischargeable. The district court, citing In re Rediker, 25 Bankr. 71 (Bankr. M.D. Tenn. 1982), determined that 'a bankruptcy tribunal may permit reopening pursuant to 11 U.S.C. Sec. 350 for the avowed and express purpose of determining dischargeability,' 60 Bankr. at 430, but that such a tribunal may not reach the issue of dischargeability without first granting the motion to reopen, especially when the parties had not raised dischargeability in their agrument on reopening. Again citing Rediker, the court observed that 'there must be adequate notice to place dischargeability itself in issue.' Id. The court concluded that 'the bankruptcy court was without authority . . . to decide that the debts were nondischargeable.' Id.
 
 
 21
 Similarly, the bankruptcy court here abused its discretion by denying reopening on a substantive ground not placed in issue by the parties and without citing sufficient factual support in the record for that denial.
 
 
 22
 The denial of the motion to reopen is vacated, and the district court is directed to remand this case to the bankruptcy court for further proceedings wherein the bankruptcy court is directed to address the merits of movant's proffered grounds for reopening.