In the Matter of Cynthia A.
CAICEDO, Debtor.

Bankruptcy No. 2–85–00342.

United States Bankruptcy Court,
D. Connecticut.

Sept. 24, 1993.

Martin W. Hoffman, Hank D. Hoffman, Hartford, CT, for Cynthia L. Caicedo, debtor.

Daniel P. Kulakofsky, Lublin and Weinstein, P.C., West Hartford, CT, for Associates Financial Services, Inc., creditor-objector.

*MEMORANDUM OF DECISION AND ORDER ON DEBTOR'S MOTION TO REOPEN CASE*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

*ISSUE*

Cynthia A. Caicedo, the debtor in this closed chapter 7 case, has moved to reopen her case for the express purpose of filing a Bankruptcy Code § 522(f) motion to avoid prepetition judicial liens held by Associates Financial Services, Inc. (AFS) allegedly impairing the debtor's homestead exemption. The principal question presented is whether the doctrine of laches bars the granting of the motion to reopen because it was filed some eight years after the case was closed.

II.

*BACKGROUND*

The debtor filed her chapter 7 petition on May 3, 1985. The court notice to creditors of the filing advised creditors not to file claims as the estate appeared to be one without distributable assets. The debtor's bankruptcy schedules disclosed a real property asset of a one-half interest in a dwelling at 28 Settlers Lane, Torrington, Connecticut (the homestead) with a stated value of $32,500. Under the schedule describing creditors holding security, the debtor listed only two mortgages with unpaid balances totaling $63,000 as liens against the homestead (valued at $65,000). The debtor claimed her interest in the homestead exempt to the value of $1,000. The case trustee filed a no distribution report on June 10, 1985; the court granted the debtor a discharge from debt on August 12, 1985 and closed the case on September 13, 1985.

The debtor filed her motion to reopen the case on July 2, 1993, alleging that she intended to "pursue a Motion To Set Aside Attachment and Judgment Lien pursuant to 11 U.S.C. § 522(f) in regard to liens that were placed on [the homestead], which liens impair the Debtor's exemption." At the July 30, 1993 hearing on the motion,

AFS appeared in opposition. Martin W. Hoffman, the attorney who prepared the debtor's original petition, was the sole witness. He testified that the debtor recently decided to do a refinancing of her homestead; that a title search made in June 1993 revealed the existence of the AFS attachment and judgment liens recorded in 1984; that neither the debtor nor he were aware of such liens when the petition was filed; that the debtor had scheduled AFS as an unsecured creditor with a claim in the amount of $2,790 and as a creditor who had received a judgment against the debtor.[1] During cross-examination Hoffman gave conflicting answers on the possibility of his having had actual knowledge of the AFS judgment lien during the preparation of the petition, although his law office had not conducted a title search of the homestead in 1985.[2] At a continued hearing held at the debtor's request on August 11, 1993, Hoffman testified that after reviewing his worksheets he was in a position to clear up his prior inconsistent testimony and state unequivocally that neither he nor the debtor were aware of any AFS liens on the homestead from the time the debtor's schedules were prepared until June 1993 when the title was examined in preparation for a refinancing of the homestead. The parties thereafter submitted their claims of law through post-trial briefs.

The debtor argues that she was personally not aware of the AFS liens at the time of her petition; that there are no bar dates established by statute or rule applicable to a motion to reopen a case; that constructive knowledge by the recording of the AFS lien is not dispositive of whether the case should be reopened; and that AFS has not been prejudiced by the eight-year delay because it took no action to foreclose its lien. AFS contends that insufficient cause exists to permit reopening of the case; that the debtor was neglectful in failing to have the title to the homestead examined; that the debtor is guilty of laches; and that AFS will be prejudiced unfairly if the case is reopened and the debtor seeks to avoid the AFS liens.

### III.

### DISCUSSION

■ Code § 350(b) treats the reopening of closed cases. It provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." It is now well settled that the decision whether to reopen a case rests within the sound discretion of the bankruptcy court. *In re Case*, 937 F.2d 1014, 1018 (5th Cir.1991); *In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir. 1985); *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir.1984).

### A.

■ The debtor's motion to reopen satisfies the causal element of § 350(b) because avoiding the AFS liens would "accord relief to the debtor." AFS argues that the debtor must establish compelling circumstances beyond seeking to avoid liens pursuant to § 522(f) to have the case reopened. *See, e.g., In re Williams*, 17 B.R. 204, 206 (Bankr.W.D.Ky.1982) (debtor must advance " 'good cause' " to reopen case and avoid lien) (quoting *In re Shen*, 7 B.R. 942, 947 (S.D.Cal.1980), *vacated*, 665 F.2d 1054 (9th Cir.1981)). The better interpretation, however, is that § 522(f) lien avoidance is sufficient cause for the purposes of § 350(b) in light of the statute's plain language. *See, e.g., In re Yazzie*, 24 B.R. 576, 577–78 (9th

---

1. The debtor's response to question 10 of the Statement of Financial Affairs which asks (1) if the debtor was a party to any suits pending or terminated within one year of the petition date; and (2) if any of the debtor's property had been executed upon within one year after the petition date, was as follows:

   [1] Assoc Financial Services Co. of CT vs Caicedo, CV84–0040065, Litchfield Superior Court, judg-[sic] 10/18/84; Vernon Allport,

   M.D. vs Caicedo, Small Claims, No. 16–59207; CT State Employees Credit Union vs Caicedo, Htfd Superior Court, judgment obtained 2/11/85.

   [2] Yes, judgment lien by CT State Employees Cr. Union.

2. October 18, 1984 was the date of recording of the AFS judgment lien with the town clerk's office. *See supra* note 1.

Cir.BAP 1982) (declining to adopt the "extenuating circumstances" test of *Williams* and allowing motions to reopen for lien avoidance in the absence of prejudice to creditors); *Blake v. Ledan (In re Blake),* 38 B.R. 604, 609 (Bankr.E.D.N.Y.1984) ("Lien avoidance constitutes sufficient cause to reopen a case."); *Stephenson v. General Motors Acceptance Corp. (In re Stephenson),* 19 B.R. 185, 187 (Bankr. M.D.Tenn.1982) (lien avoidance accords relief to the debtor and thus satisfies the causal element of § 350(b)); *cf. Holyst v. Diamond Int'l Corp. (In re Holyst),* 19 B.R. 14, 16 (Bankr.D.Conn.1982) (case may be reopened to allow § 522(f) lien avoidance proceeding).

### B.

Whether the debtor has timely brought this motion to reopen to avoid a judicial lien raises a more complicated issue. Neither § 350(b) nor its procedural counterpart, Fed.R.Bankr.P. 5010,[3] prescribe a time period by which a motion to reopen must be brought.[4] In addition, Fed.R.Bankr.P. 9024 incorporates Fed.R.Civ.P. 60, but exempts motions to reopen from the one-year limitation of Rule 60(b).[5] While neither the Code nor the Rules prescribe a time period, the legislative history of § 350(b) states that the equitable doctrine of laches may bar a party's attempt to reopen a case.

### § 350. Closing and reopening cases

... Subsection (b) permits reopening of the case to administer assets, to accord relief to the debtor, or for other cause. Though the court may permit reopening of a case [to] exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5835, 5963, 6294.

The doctrine of laches is a defense that one party raises to prevent an opposing party from seeking the relief she requests. It is based upon the principle that the moving party is barred from seeking relief because she has unreasonably delayed in asserting her rights to the prejudice of the other party. *Stone v. Williams,* 873 F.2d 620, 623 (2d Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). When considering whether the laches defense should be sustained, a court should "balance[ ] plaintiff's delay against the prejudice suffered by the defendants by virtue of the delay...." *Merchant v. Lymon,* 828 F.Supp. 1048, 1053 (S.D.N.Y.

---

**3.** Rule 5010 provides, in pertinent part:

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.
Fed.R.Bankr.P. 5010.

**4.** Section 522(f) and Rule 4003(d), which govern the avoidance of liens, also are devoid of any specific time limitations by which a motion to avoid a lien must be brought. The legislative history to § 522(f) likewise does not specifically discuss any time limitations.

**5.** Rule 9024 provides, in pertinent part:

*Relief from Judgment or Order*
Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code ... is not subject to the one year limitation prescribed in Rule 60(b)....
Fed.R.Bankr.P. 9024.
Rule 60(b) provides, in pertinent part:
(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.*
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
Fed.R.Civ.P. 60(b). The Advisory Committee note to Rule 9024 states that "all orders of the bankruptcy court are subject to Rule 60," but that "[m]otions to reopen cases are governed by Rule 5010." Fed.R.Bankr.P. 9024 (Advisory Committee Note). The Sixth Circuit has interpreted this note as explaining that the "substantive standards" of Rule 60(b) apply to motions to reopen, but Rule 5010 governs the procedure for these motions. *In re West,* No. 3953, 1987 WL 44581, at *1 (6th Cir. Sept. 1, 1987); *see also* App. 1 *Collier on Bankruptcy* ¶ 5010.02, at 5010–3 (Lawrence P. King ed., 15th ed. 1993) (noting the similarities between Rule 5010 and Rule 60(b)).

1993). This balancing requires an examination of the equitable circumstances peculiar to each case. *Stone*, 873 F.2d at 623–24; *Merchant*, 828 F.Supp. at 1062–63.

### C.

■ How promptly a party brings a motion to reopen after discovering the circumstances for which she seeks that relief is an important consideration in determining whether the delay is reasonable. *Burch v. Federal Nat'l Mortgage Ass'n (In re Burch)*, 88 B.R. 686, 690 (Bankr.E.D.Pa. 1988) (An "important consideration in deciding whether to grant a motion to reopen is whether there has been an unreasonable delay between the precipitating event and the filing of the motion."). Thus, the court must determine when the debtor and her attorney became aware of the existence of AFS's lien.

The testimony provided by Hoffman, although initially confusing, when supplemented by the filed schedules and Hoffman's subsequent explanation, supports a finding that the debtor was unaware until June 1993 of the actual existence of AFS's prepetition judgment lien. The debtor's July 2, 1993 motion to reopen her case accordingly was promptly brought.

AFS asserts Hoffman's neglect to search the homestead title bars the present motion. Even if a careful attorney should examine the title to realty listed in a debtor's schedules, Hoffman's failure to perform a title search to discover outstanding liens constitutes neglect that a court may excuse in determining if the debtor is barred by laches. *See, e.g., In re Shondel*, 950 F.2d 1301, 1305 (7th Cir.1991) (holding that counsel neglect is one of the permissible factors a bankruptcy judge may weigh in the context of a bankruptcy reopening); *In re Ricks*, 89 B.R. 73, 75 (9th Cir.BAP 1988) (stating that constructive notice of a lien and attorney's failure to avoid lien while case was pending does not per se make a failure to avoid the lien unexcusable).

### D.

The debtor's delay, even if not excused, cannot in and of itself bar the reopening of her case because delay alone is not enough to sustain a defense of laches. *Stone*, 873 F.2d at 625 ("Laches is not imposed as a bar to suit simply because a plaintiff's delay is found unexcused; it must also be determined whether the defendants have been prejudiced as a result of that delay."); *Merchant*, 828 F.Supp. at 1063 ("[D]efendants must have suffered some amount of prejudice to successfully invoke laches, even if plaintiffs have a weak or no excuse for their delay."); *White v. Boston (In re White)*, 104 B.R. 951, 957 (S.D.Ind.1989) ("[T]he mere passage of time is insufficient, standing alone, to establish laches. The debtors must show that the trustee's delay in asserting a right was inexcusable, *and* that the debtor was thereby prejudiced.").

AFS argues that it will be unfairly prejudiced in several ways should the case be reopened and the avoidance motion allowed, but only one need be considered. AFS's claim that the valuation of the debtor's property would entail "a substantial expense to ... recreate a historic appraisal going back eight years in time," *AFS's Brief* at Exh. A, p. 6, presents a valid objection. Additional expense imposed on a creditor to defend has to be a relevant factor in assessing prejudice. *Cf. Stone*, 873 F.2d at 625 ("One form of prejudice is the decreased ability of the defendants to vindicate themselves that results from the death of witnesses or on account of fading memories or stale evidence."); *Merchant*, 828 F.Supp. at 1063.

I conclude that this claim of prejudice by AFS is credible and compelling. The apparent relative expense to which AFS would be put to secure an appraisal based upon values in 1985 and to confirm the balances of prior liens, in light of the amount of the lien in issue, constitutes a form of prejudice directly related to the debtor's delay. I do not believe it is an unfair burden on a debtor who expects to exempt and retain her homestead to require that she either exercise great care in

ascertaining and listing the liens on the homestead or seek to remedy the omission of such liens sooner than eight years after the closing of the case.

## IV.

### CONCLUSION

After balancing the debtor's delay of eight years against the prejudice that AFS would suffer by virtue of the delay, I conclude that the laches defense raised by AFS should be sustained. As a result, the debtor's motion to reopen the case for the purpose of filing a § 522(f) motion must be, and hereby is, denied. It is

SO ORDERED.