**In re Larry J. KELLY, Debtor.**

**No. 96–11123 B.**

United States Bankruptcy Court, W.D. New York.

June 22, 2004.

Brian R. Milks, Esq., Delevan, NY, for Debtor.

Clair A. Montroy III, Esq., Orchard Park, NY, for Haley Concrete, Inc.

CARL L. BUCKI, Bankruptcy Judge.

More than four years after its initial closing, the debtor reopened this case for the purpose of filing the present motion to avoid judgment liens under 11 U.S.C. § 522(f). For the reasons stated hereafter, this motion is denied. On March 19, 1996, Larry J. Kelly filed a petition for relief under chapter 13 of the Bankruptcy Code. In schedules submitted with his petition, the debtor claimed an exemption for his homestead at 10890 Savage Road in the Town of Sardinia, New York. The schedules indicated further that this property had a fair market value of $60,000, that outstanding real property taxes totaled $10,347.52, and that the property was subject to two mortgages securing a combined outstanding indebtedness of $45,358. Based on testimony at the confirmation hearing and without opposition from creditors, this court accepted the debtor's estimate of value. On May 10, 1996, the court issued its order confirming a plan which contemplated full repayment of mortgage and tax arrears and a five percent distribution on account of unsecured obligations. In due course, the debtor completed his plan. The case was then closed in March of 2000.

Sometime during 2003, Mr. Kelly refinanced the secured indebtedness through the facility of a first mortgage loan from Citifinancial Bank in the amount of $89,000. During the closing, however, a title examiner discovered two judgments. CID Landfill, Inc., had perfected a judgment for $4,355.87, on May 7, 1992. The second judgment, for an original amount of $5,000.40, was perfected on October 5, 1995, by Haley Concrete, Inc. ("Haley"). To allow a closing of the Citifinancial loan, the title company placed into escrow a sum of money that would be released upon a removal of the judgment liens. At the request of the debtor, this case was reopened on January 5, 2004. Mr. Kelly then filed the present motion to avoid both judgments. To this request, Haley now vigorously objects.

In his schedules, Larry Kelly listed CID Landfill, Inc., and Haley as unsecured creditors. Thereafter, each of these obligees filed a proof of claim that failed to assert a secured status. If Kelly had listed these creditors as secured by reason of their judgments, or if these creditors had asserted a secured status, then the chapter 13 trustee would likely have required the avoidance of these judgments as a condition for his recommendation of confirmation. If Kelly had filed an appropriate motion prior to confirmation, then without some contrary proof of value, this court would likely have avoided these judgments pursuant to 11 U.S.C. § 522(f). Unfortunately, these preferred courses did not occur. Instead, almost eight years after his bankruptcy filing, the debtor seeks the relief for which he could have made application at the beginning of this case.

Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judgment lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." For purposes of this section, "a lien shall be considered to impair an exemption to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). In this context, the statute defines value to mean "fair market value as of the date of the filing of the petition." 11 U.S.C. § 522(a)(1).

In the present instance, as allowed under New York law, the debtor claimed a homestead exemption in the amount of $10,000. Impairment of that exemption

would occur if outstanding liens plus the exemption were to exceed the value of the debtor's residence as of the date of bankruptcy. Larry Kelly asks that this value be deemed the same as the value used for purposes of plan confirmation. He contends that because the house was then valued at $60,000, with tax and mortgage liens of more than $55,000, any judgment would impair the debtor's exemption. Haley responds that the debtor's motion is unfair and prejudicial, due to the passage of so many years since the bankruptcy filing. Noting that Kelly has recently used the property as collateral for a loan of $89,000, Haley further contends that the earlier valuation is understated.

■■■ The initial concern of this court is whether it has appropriately reopened this matter for purposes of considering the substantive merits of the present application. Section 350(b) of the Bankruptcy Code provides that a "case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause." I agree with the majority view, that good cause includes an application to avoid liens under 11 U.S.C. 522(f). 3 Collier on Bankruptcy, ¶ 350.03[4] (Alan N. Resnick & Henry J. Sommer, eds. (15th ed. rev. 2002)). Section 522 imposes no time limit for the filing of a lien avoidance motion. Meanwhile, the authorizing provision for the closing of a case (11 U.S.C. § 350(a)) does not purport to bar any substantive rights. Judge Duberstein stated the appropriate rule in *In re Costello,* 72 B.R. 841, 843 (Bankr.E.D.N.Y.1987), "that absent prejudice to a creditor, a bankruptcy court may reopen a case for the purpose of commencing a proceeding to avoid the fixing of a lien under § 522(f)."

■■■ Haley contends that due to the passage of time, it is now prejudiced with respect to its ability to contest the debtor's valuation of his homestead. Essentially, this argument asserts laches, a defense

that the legislative history for section 350 expressly recognizes:

> Subsection (b) permits reopening of the case to administer assets, to accord relief to the debtor, or for other cause. Though the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long.

H.R.Rep. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), p. 338, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6294. In *Matter of Caicedo,* 159 B.R. 104 (Bankr.D.Conn.1993), Judge Krechevsky applied laches, when he refused to avoid a judgment on a motion filed more than eight years after the bankruptcy petition. He held that "[t]he apparent relative expense ... to secure an appraisal based upon values in 1985 and to confirm the balances of prior liens, in light of the amount of the lien in issue, constitutes a form of prejudice directly related to the debtor's delay." 159 B.R. at 107. I agree that in appropriate circumstances, delay may be so prejudicial as to warrant a denial of relief as against a creditor. Such prejudice depends upon all of the facts and circumstances of a case, however, and is subject to other equitable considerations. In the present instance, Haley fails to persuade this court that the defense of laches should apply.

■■■ As an equitable doctrine, laches must fulfill the principles of equity. Fundamental among these principles is the precept that one who seeks equity must do equity. *United States v. Trinidad Coal & Coking Co.,* 137 U.S. 160, 171, 11 S.Ct. 57, 34 L.Ed. 640 (1890). Although the debtor may have neglected timely to move for the present relief, the respondents neglected to assert a secured status in their proofs of claim. Because all parties procrastinated in the assertion of rights, this court will not now apply laches. On the other hand,

the judgment creditors' failure to assert secured claims does not waive their secured position. Section 506(d) of the Bankruptcy Code confirms this result:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless ... (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Because the treatment of the respondents as unsecured creditors derives only from their failure to claim secured status, their liens would survive bankruptcy, except to the extent that they would otherwise be avoided, such as by reason of 11 U.S.C. § 522(f). Accordingly, despite the passage of nearly eight years since the commencement of the present case, this court must now consider the merits of the debtor's motion for lien avoidance.

█ Pursuant to Bankruptcy Rule 4003(d), a proceeding to avoid a lien under section 522(f) "shall be by motion in accordance with Rule 9014." In addition to its other mandates, Rule 9014 states that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Having neglected to move at the confirmation hearing for relief under section 522(f), the debtor cannot now bind the respondents to the—court's valuation for purposes of plan confirmation. The debtor may rely upon the same underlying evidence, but he must separately fulfill the burden of proof for purposes of the avoidance motion.

█ As with any motion to avoid a judgment under section 522(f), the debtor carries the burden to establish the value of his property as of the date of bankruptcy filing. At the hearing on this matter, the debtor offered no evidence of value, but relied exclusively upon the prior valuation of the homestead for purposes of plan confirmation. Here, where a judgment creditor opposes the avoidance of its lien, no consequence can attach to the court's prior finding. Meanwhile, Haley proposes to infer a higher value from the recent use of the property as collateral for a loan in the amount of $89,000. Although the mortgagee extended credit almost eight years after the bankruptcy filing, the loan presents the only credible evidence of value. In as much as the pre-petition mortgage and tax liens totaled less than $56,000, a property value of at least $89,000 would appear to require the preservation of the judgments.

For all of the reasons stated herein, this court finds that the debtor has failed to sustain his burden to prove an impairment of his homestead exemption. Accordingly, the debtor's motion is denied. To the extent that the debtor wishes to present other evidence of value, he may move for reconsideration within the time limits of Bankruptcy Rule 9023 and F.R.C.P. 59.

So ordered.