In re Jay A. FISHER and Nancy J. Fisher, Debtors.

Jay A. FISHER and Nancy J. Fisher, Movants,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE and McKelvey Oil Company, Inc., t/d/b/a Gilbert Brothers, Inc., Respondents.

Bankruptcy No. 90–0433.
Motion No. 90–3200M.

United States Bankruptcy Court, W.D. Pennsylvania.

July 30, 1990.

James C. Warmbrodt, Pittsburgh, Pa., for debtors.

Nancy Davis Stewart, Pollard, Walker & Vollmer, Pittsburgh, Pa., for McKelvey Oil Co., Inc.

MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Debtors' *Motion To Avoid Judicial Liens Pursuant To 11 U.S.C. § 522(f)(1).*

Debtors seek to avoid two (2) pre-petition judicial liens by McKelvey Oil Co., Inc. ("McKelvey") in the amounts of $41,580.59 and $115,228.32, respectively, which liens have attached to two (2) parcels of real property owned by Debtors. According to Debtors, they are entitled under 11 U.S.C. § 522(f)(1) to avoid all but $2,666.64 of these liens. Debtors further argue that they are entitled to "apportion" the surviving part of McKelvey's lien so that all of it attaches to the real property containing a service station and none of it attaches to the real property containing their residence and a garage.

McKelvey concedes that Debtors are entitled to partially avoid its judicial liens, but contends that the first of its liens survives in the amount of $24,365.82. In addition, McKelvey maintains that the surviving portion of its lien continues to attach to *both* parcels of real property, rather than only to that parcel containing the service station.

Debtors will be permitted, for reasons set forth below, to avoid all but $24,098.28 of McKelvey's judicial liens. However, that portion which survives attaches to *both* parcels of real property.[1]

## BACKGROUND

Debtors filed a voluntary joint petition under chapter 7 of the Bankruptcy Code on February 20, 1990. At the time of filing, they owned (and continue to own) two (2) adjoining parcels of real property situated in Shade Township, Pennsylvania. The one property, which contains Debtors' residence and a large garage, was acquired in August of 1973 for $20,000.00. The second property, upon which is located a service station, was acquired at the same time for $45,000.00.

Debtors real property was subject to the following liens or encumbrances as of the date of their bankruptcy filing:

| | | |
|---|---|---|
| (1) | Commonwealth of Pennsylvania<br>Statutory tax lien<br>Date: May 25, 1978 | $ 75.09 |
| (2) | National Bank of Western Pennsylvania<br>First mortgage<br>Date: August 8, 1983 | 24,913.63 |
| (3) | Commonwealth of Pennsylvania<br>Statutory tax lien<br>Date: February 6, 1986 | 367.32 |
| (4) | McKelvey Oil Company, Inc.<br>Judicial lien<br>Date: July 16, 1986 | 41,580.59 |
| (5) | Commonwealth of Pennsylvania<br>Statutory tax lien<br>Date: October 17, 1986 | 458.41 |
| (6) | American General Finance [2]<br>Second mortgage<br>Date: April 13, 1987 | 2,571.69 |
| (7) | McKelvey Oil Company, Inc.<br>Judicial lien<br>Date: January 21, 1990 | 115,228.32 |

Debtors have claimed an exemption in each parcel of real property. They have claimed an exemption in the amount of $12,514.68 in the residence/garage and another exemption of $1.00 in the service station.

## ANALYSIS

11 U.S.C. § 522(f)(1), pursuant to which Debtors seek to avoid McKelvey's judicial liens, provides as follows:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; ...

The intent of Congress in enacting this provision was to provide debtors in chapter 7 cases with a "fresh start", including some equity in their residence upon conclusion of the bankruptcy proceeding. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., p. 362, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6317.

As the above language makes clear, a debtor may avoid the fixing of a judicial lien on that debtor's interest in property,

---

1. McKelvey also had formally objected to Debtors' claim of an exemption in the real property containing their residence and a garage in the amount of $12,514.68 on the ground that the amount claimed exceeded Debtors' equity in the property. McKelvey has stated in its post-hearing Brief that it is withdrawing the objection. Accordingly, its objection will not be addressed in this Memorandum Opinion.

2. This encumbrance attaches *only* to the real property containing Debtors' residence and garage. All other encumbrances or liens attach to *both* parcels of real property.

but only to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection 522(b). Since both McKelvey liens are judicial liens, and thus are subject to 11 U.S.C. § 522(f)(1), Debtors may avoid the liens to the extent that they impair Debtors' right to claim allowed exemptions in their property.

■ The following procedure is to be employed when applying § 522(f)(1). The value of the property on which a judicial lien is sought to be avoided must first be determined. From that value is to be subtracted the total value of all liens not to be avoided and the total value of the debtor's allowed exemptions. If the resultant value (after these subtractions have been made) is zero (or less), all judicial liens may be avoided. If the resultant value is greater than zero, judicial liens may *not* be avoided, in order of their priority, to the extent of that resultant value only. *See, In re Magosin,* 75 B.R. 545, 547 (Bankr.E.D.Pa. 1987).

■ It was previously noted that Debtors purchased the property containing their residence and the garage in August of 1973 for $20,000.00. They also purchased the property containing the service station at or about the same time for $45,000.00. After hearing the testimony of the competing experts and having an opportunity to judge credibility, the Court determines that the combined value of the two (2) properties, both at the time of the filing of the bankruptcy petition and at this time, remains $65,000.00. The property containing the residence and garage has increased in value to $35,000.00, while the property containing the service station has decreased in value to $30,000.00.

It is undisputed that the following encumbrances or liens are *not* subject to avoidance in this case under § 522(f)(1):

(1) National Bank of Western Pennsylvania first mortgage: $ 24,913.63
(2) American General Finance second mortgage (residence and garage property only) 2,571.59
(3) Commonwealth of Pennsylvania statutory tax liens: 75.09
367.32
458.41

Total $ 28,386.04

Debtor has also claimed the following exemptions in this case:

(1) Residence and garage: $ 12,514.68
(2) Service station 1.00

Total $ 12,515.68

McKelvey does not dispute the propriety of, nor the amount of the exemptions claimed.

The total value of all non-avoidable encumbrances or liens and all allowable exemptions is $40,901.72 ($28,386.04 + $12,515.68 = $40,901.72).

The resultant value arrived at when this total is subtracted from the total value of Debtors' two (2) properties is $24,098.72 ($65,000.00 − $40,901.72 = $24,098.28).

Since the resultant value is greater than zero, it follows from the procedure set forth above that Debtors may avoid McKelvey's two (2) judicial liens, except for $24,098.28 of the first judicial lien in the amount of $41,580.59. The remaining $17,482.31 of the first lien ($41,580.59 − $24,098.28 = $17,482.31) and all of the second judicial lien in the amount of $115,228.32 may be avoided pursuant to § 522(f)(1).

■ McKelvey's two judicial liens originally attached to *both* parcels of real property owned by Debtors. Presumably, the surviving portion of the first judicial lien— i.e., $24,098.28—also ought to attach to *both* properties.

Debtors have challenged this presumption and argue that they are entitled to "apportion" the surviving part of McKelvey's first judicial lien so that *all* of it attaches to the real property on which the service station is located and *none* of it attaches to the property containing the residence and garage.

Debtors have cited to no cases or other authority in support of what they propose. Moreover, what they propose would appear to be at odds with the legislative history of § 522(f). There is no indication in the legislative history that Congress ever intended § 522(f) to be a means of *creating equity, which otherwise does not exist,* in property

for the benefit of a debtor. *See In re Simonson*, 758 F.2d 103, 106 (3rd Cir.1985).

The "apportionment" proposed by Debtors in effect would create equity in the property containing the residence and garage where none exists by shifting the surviving portion of McKelvey's first lien away from the residence and garage (to which it originally had attached) and entirely onto the service station. Such a result is not contemplated by § 522(f) and therefore must be rejected.

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 30th day of July, 1990, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Debtors may avoid $17,482.31 of the judicial lien of McKelvey Oil Company, Inc. in the amount of $41,580.59. The remaining $24,098.28 of said lien may not be avoided pursuant to § 522(f)(1).

IT IS FURTHER ORDERED that the surviving portion of said lien attaches to the real property containing Debtors' residence and garage as well as the real property on which Debtors' service station is located.

IT IS FURTHER ORDERED that the judicial lien by McKelvey Oil Company, Inc., in the amount of $115,228.32, is avoided in its entirety pursuant to 11 U.S.C. § 522(f)(1).