OPINION
 

 HIRAM H. WARD, Senior District Judge:
 

 This appeal arises from the district court’s reversal of the holding of the bankruptcy court as to whether a judicial lien which has attached to residential property involved in a bankruptcy proceeding should be avoided entirely or allowed to survive pending the potential sale of the residence. The district court held that such a lien should survive under North Carolina law. Because of the recently decided case of
 
 Owen v. Owen,
 
 — U.S. -, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991),
 
 reversing and remanding
 
 877 F.2d 44 (11th Cir.1989),
 
 [1]
 
 the district court’s holding must be reversed.
 

 I.
 

 In 1988, Rachel Opperman executed two promissory notes on her present home in Hendersonville, N.C., the first in the amount of $44,000, and the second in the amount of $2,700. Prior to her bankruptcy, Wachovia brought suit against her on another debt in the amount of $3,721.74, a judgment for which subsequently attached to Opperman’s residence. Soon thereafter, Opperman filed bankruptcy, and her house was listed as an asset at which time the first mortgage had been reduced to $40,-274.84, and the second mortgage had been reduced to $2,262.50. This left Opperman with equity in the residence of $2,462.66, which she claimed as exempt pursuant to N.C.Gen.Stat. § lC-1601(a)(l). Opperman then moved to avoid Wachovia’s judgment lien pursuant to 11 U.S.C. § 522(f)(1), claiming that the lien impaired her exemption and was void in its entirety. Wachovia argued that this should not occur as North Carolina’s exemption statute is contingent on the debtor’s continued ownership and use of the property. If the lien were extinguished, it could not be enforced in the event of subsequent sale of the property.
 

 The bankruptcy court agreed with the debtor, reasoning that, to the extent North Carolina statutes interfere with the operation of § 522(f), they should be given no effect so that the lien would be avoided entirely. The district court, however, relied on an unpublished opinion of this Court,
 
 In re Love,
 
 829 F.2d 1120 (4th Cir.1987), ce
 
 rt. denied,
 
 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1013 (1988), to decide that the opt out provision regarding exemptions found at 11 U.S.C. § 522(b)(2)(A) allowed the North Carolina statute to prevail over § 522(f)(1). This appeal followed.
 

 II.
 

 11 U.S.C. § 522(f)(1) provides in part:
 

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
 

 (1) a judicial lien....
 

 
 *443
 
 11 U.S.C. § 522(b) provides (by means of subsection (d)) that a debtor may exempt up to $7,500 in residential property. 11 U.S.C. § 522 also grants the states the right to opt out of the federal exemption scheme, and North Carolina has done so. In particular, N.C.Gen.Stat. § lC-1601(a)(l) provides:
 

 Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors: [t]he debtor’s aggregate interest, not to exceed [$7,500] in value, in real property or personal property that the debtor or dependent of the debtor uses as a residence....
 

 Further, N.C.Gen.Stat. § lC-1604(a) provides:
 

 Property allocated to a debtor as exempt is free from the enforcement of the claims of creditors for indebtedness incurred before or after the exempt property is set aside ... for so long as the debtor owns it. When the property is conveyed to another, the exemption ceases as to liens attaching prior to the conveyance. ...
 

 The decision of the Supreme Court in
 
 Owen v. Owen,
 
 — U.S. -, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), controls this situation. In that case, the Court held that judicial liens can be avoided under § 522(f) even though the state has defined the exempt property in such a way as specifically to exclude property encumbered by the liens. The parties in
 
 Owen
 
 were husband and wife. The wife obtained a judgment against her husband for $160,000 which was recorded in Sarasota County, Florida. The husband subsequently purchased a condominium in that county which became subject to the wife’s lien. By action of the Florida legislature, that state’s homestead exemption became applicable to this property about a year later. Florida courts had interpreted this exemption as inapplicable to pre-existing liens, liens which attached before the property acquired its homestead status. The husband filed bankruptcy and claimed the homestead exemption. The wife’s pre-existing lien remained in force upon the rulings of the bankruptcy and district courts of Florida, and the Eleventh Circuit Court of Appeals.
 
 Owen v. Owen,
 
 877 F.2d 44 (11th Cir.1989).
 

 Though stating that the approach of the lower courts seemed reasonable, the Supreme Court reasoned that such “built-in” limitations on federal exemptions had been uniformly rejected. — U.S. at -, 111 S.Ct. at 1836. The Court emphasized the phrase “would have been entitled” found in section 522(f), indicating that an exemption to which the debtor would have been entitled includes either the federal or a state’s exemptions.
 
 Id.
 
 The Court posed the question whether “a different interpretation should be adopted for State exemptions.”
 
 Id.
 
 The Court answered that question in this way:
 

 We do not see how that could be possible. Nothing in the text of § 522(f) remotely justifies treating the two exemptions differently. The provision ... refers to federal exemptions and state exemptions alike. Nor is there any overwhelmingly clear policy impelling us, if we possessed the power, to create a distinction which the words of the statute do not contain.
 

 Id.
 
 It is clear to this Court that the provision of N.C.Gen.Stat. § 101604(a) limiting the homestead exemption to the duration of the debtor’s actual residence in that place must not be applied in preference to the avoidance power of section 522(f). Such a lien may be avoided if it impairs the debt- or’s exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme.
 
 Id.
 

 The Court is left with one concern that requires clarification: whether a lien will be avoided entirely in this situation.
 
 [2]
 
 To answer this, we need look no further than the statute itself. Section 522(f) states that “the debtor may avoid the fixing of a lien on an interest of the debtor in property
 
 to the extent
 
 that such lien impairs an exemption_” (Emphasis add
 
 *444
 
 ed). A lien larger in amount than the exemption available to the debtor does not impair that exemption. Thus, only that part of a lien which actually interferes with the debtor’s homestead exemption may be avoided.
 
 See
 
 3
 
 Collier on Bankruptcy
 
 If 522.29[1] at 522-90 (15th ed. 1991); and
 
 see In re Galvan,
 
 110 B.R. 446 (9th Cir. BAP 1990);
 
 In re Sanglier,
 
 124 B.R. 511 (Bankr.E.D.Mich.1991);
 
 In re Chabot,
 
 100 B.R. 18 (Bankr.C.D.Cal.1989);
 
 In re D’Ambrosia,
 
 61 B.R. 588 (Bankr.N.D.Ill.1986); and
 
 In re Breaux,
 
 55 B.R. 613 (Bankr.M.D.Ala.1985). Under the North Carolina exemption scheme, this would allow all or a portion of a lien up to $7,500 in amount to be avoided.
 

 In light of the decision of the Supreme Court, the decision of the district court is reversed.
 

 REVERSED.
 

 [1]
 

 .
 
 Owen
 
 was not cited by the parties to this or, apparently, the lower courts even though it was pending before the Supreme Court during this litigation.
 

 [2]
 

 . On the facts currently before the Court, this is not an issue due to the fact that the creditor’s lien is less than the amount of the homestead exemption.