**In re Wilson Lee OSBORNE, Minnie Dawn Osborne, Debtors.**

**Wilson Lee OSBORNE, et ux., Movants,**

**v.**

**DOMINION BANK, N.A., Respondent.**

**Bankruptcy No. 7–91–00145–HPA.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

June 21, 1993.

John M. Lamie, Browning, Morefield, Lamie & Sharp, Abingdon, VA, for debtors/movants.

James E. Green, White, Elliott & Bundy, Bristol, VA, for creditor/respondent.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court on a motion by Wilson Lee and Minnie Dawn Osborne ("Debtors") to avoid a judgment lien in favor of Dominion Bank, N.A. ("Creditors"). At the Court's direction, the

parties filed a Stipulation of Facts and their respective authorities on the question of lien avoidance, after which the Court took the matter under advisement. On June 21, 1993 the Court entered an Order which avoided the Creditor's lien entirely, giving its general conclusions for the ruling; the Creditor has timely filed its appeal.

The Debtors' Motion to Avoid a Lien pursuant to 11 U.S.C. § 522(f)(1) is hereby found to be a core proceeding, and this Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 1334(b) and 158(b)(2)(B) and (K). This Memorandum Opinion shall serve to supplement the Order entered June 21, 1993 and shall set forth more fully the Court's reasoning for the decision entered therein.

### FINDINGS OF FACT

The Debtors filed their petition for relief under 11 U.S.C. § 1101, *et seq.*, on January 18, 1991; the case was voluntarily converted to one under 11 U.S.C. § 701, *et seq.*, on January 9, 1992. The Debtors filed their homestead deeds in the appropriate state circuit court on February 12, 1992.

On November 8, 1990, the Creditor obtained a judgment on certain debts owed to it by the Debtor; this judgment was properly recorded on November 9, 1990. The judgment is recorded in the principal amount of $86,651.35; in addition, an award of $21,820.34 for attorneys' fees was made as well.[1]

The lien encumbers the Debtors' principal residence; although the Debtors' initially had other real property possibly subject to the lien, it was substantially encumbered by deeds of trust senior to the Creditor's lien. In any event, they have previously been abandoned by the chapter 7 trustee and do not raise any issue here. The parties have stipulated that the residence had a fair market value as of the date of the conversion of $50,000.[2] It is subject to a first lien deed of trust in favor of Twin City Federal Savings Bank in the amount of $46,400, leaving the Debtors equity in their home of $3,600. It is this amount, which the Debtors have claimed exempt pursuant to 11 U.S.C. § 522(b) and Virginia Code Ann. § 34-4 (1950), which is at issue herein.

### CONCLUSIONS OF LAW

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 560, 35 S.Ct. 287, 288, 59 L.Ed. 717, 719 (1915); *Roberts v. W.P. Ford & Son*, 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286, 287, 111 S.Ct. 654, 659, 660, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan v. Hunt*, 292 U.S., at 244, 54 S.Ct. at 699; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

■ This same rule of liberally construing a remedial statute, like the ones at issue here, in favor of the debtor is recognized in Virginia as it pertains to the Virginia exemption statutes. *In re Smith*, 22

---

1. Of this amount, $18,907.50 was a judgment against Mr. Osborne solely. The remainder represents a joint and several obligation of both Mr. and Mrs. Osborne. In addition to attorneys' fees awarded, the judgment contains provisions for interest from the date of judgment and the Creditor's costs associated with prosecuting the action.

2. The property and first lien deed of trust are listed with the same amounts on the Debtors' original chapter 11 petition, and are not at issue herein. All values listed have been agreed to by the parties.

B.R. 866, 867 (Bankr.E.D.Va.1982) (citing *Home Owners Loan Corporation v. Reese*, 196 S.E. 625, 626, 170 Va. 275 (1938)); *Dickens v. Snellings (In re Snellings)*, 10 B.R. 949, 951 (Bankr.W.D.Va.1981) (citing *Wilkinson v. Merrill*, 12 S.E. 1015, 87 Va. 513 (1891) and *Linkenhoker v. Detrick*, 81 Va. 44 (1885)); *Goldburg v. Salyer*, 50 S.E.2d 272, 274, 188 Va. 573 (1948).

The Court is mindful that, in construing the provisions which govern here, it must "neither reduce nor enlarge the exemptions or read into the law an exemption not found there." *Goldburg*, 50 S.E.2d at 277. Nevertheless, the Court also recognizes and agrees with the corollary principle that "any ambiguities found in state exemption laws must be resolved in favor of debtors." *In re Redmon*, 31 B.R. 756, 759 (Bankr. E.D.Va.1983) (citations omitted).

The exemption provisions and particularly the lien avoidance provisions of § 522(f) ostensibly contain just such an ambiguity, at least where the concept of impairment of an available exemption is concerned, if the amount of litigation on the subject is any indication. Section 522(f)(1) provides that "[n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien...."

Concerning the case herein, the Supreme Court has clearly spoken on the exemption issue and how § 522 is to be construed. In *Owen v. Owen*, 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Supreme Court unequivocally approved the method used by most bankruptcy courts in determining when and whether lien avoidance under § 522(f) is proper—"ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the liens." *Owen*, 500 U.S. at ——, 111 S.Ct. at 1837, 114 L.Ed.2d, at 360. This formulation applies to both

federal and state prescribed exemption schemes. *Id.*

The Fourth Circuit relied on *Owen* in construing the lien avoidance provisions of § 522(f) in the context of Virginia's exemption provisions.[3] *See In re Opperman*, 943 F.2d 441 (4th Cir.1991). The facts in *Opperman* closely mirror those here: the debtor's residence was encumbered by deeds of trust leaving a small amount of equity which the debtor could, and in fact did, claim exempt.

In *Opperman*, the bankruptcy court found that the lien should be avoided entirely, and that North Carolina's opt out provision governed only the grant of exemptions and not the lien avoidance provision of § 522. The district court reversed, finding that the North Carolina opt out statute prevailed over § 522 generally, including lien avoidance. *Id.* at 442.

The Fourth Circuit, relying entirely on *Owen*, reversed and held that the lien avoidance provisions are not subject to a state's opt out statute, which only govern what property, deemed by the state as necessary to the debtor's fresh start, that state's residents may pull out of the estate by exemption. *Id.* at 443. In *Opperman*, as in case herein, the debtor's equity in the property exempted was less than the amount of the judgment lien, i.e., the exemption was completely impaired.

The *Opperman* court did not discuss in great detail the underlying issue is this case, namely the concept of "impairment" of an available exemption. The Bankruptcy Code does not define impairment; and thus it is left to this Court, among others, to seek a definition which comports with the accompanying Code provisions while doing justice to all the interests in involved.

In this instance, the Debtors have an available exemption of $3,600.00, determined by subtracting the first lien deed of trust from the residence's stipulated value. Since the amount of the judicial lien far exceeds the available exemption of $3,600.00, it is completely impaired and the

3. Virginia has opted out of the federal exemptions provided in § 522(b) and only permits a debtor to use Virginia exemption law. *See* Virginia Code Ann. § 34–3.1 (1950, as amended 1979).

lien is subject to complete avoidance under § 522(f)(1).

■ This Court agrees with the Ninth Circuit Bankruptcy Panel in the importance to be placed on § 522, particularly on its lien avoidance powers and their effect on facilitating a fresh start [4] for the debtor. *In re Galvan*, 110 B.R. 446, 451 (9th Cir. BAP 1991) (citations omitted). This provision, leading as it must to the result reached herein, particularly serves to facilitate these Debtors' fresh start by permitting *them* the benefit of post-discharge appreciation in their real property, rather than benefitting the judicial lien creditor.

Further, while recognizing the existence of the opposing view,[5] a significant number of other jurisdictions have recognized the importance of § 522(f) in rehabilitating a debtor by, *inter alia,* completely recovering those interests transferred to aggressive creditors who act just prior to a debtor's filing.[6] *See, e.g., In re Herman*, 120 B.R. 127 (9th Cir. BAP 1990); *In re Fisher*, 117 B.R. 191 (Bankr.W.D.Pa.1990); *In re Rehbein*, 49 B.R. 250 (Bankr.D.Mass.1985). *Cf. In re Moyer*, 39 B.R. 211 (Bankr. N.D.Ga.1984) (citing legislative history to § 522(f), in case decided under § 522(f)(2) court voided lien its entirety, rejecting argument that debtor's exemption limited only where sufficient equity present), *aff'd., Moyer v. Fleet Finance, Inc.,* 746 F.2d 814, *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1984).

The importance of the discharge order, issued in chapter 7 cases, to this issue cannot be overemphasized. Section 524(a)(1) [7] provides for permanent injunctive protection against the Debtors' personal liability for the general unsecured debt underlying the Creditor's judicial lien. Thus the Debtor's property would be the sole source of recovery to the Creditor, who, likewise, is prohibited by § 524(a)(3) from seeking recovery against the Debtors' community, or jointly held, property. Leaving the bulk of the lien intact to survive bankruptcy would put the Debtors in a tenuous position at best and would preclude them from utilizing any post-discharge appreciation on what is likely many debtors' most substantial asset—their home—in seeking their fresh start because such is after-acquired property of the debtor and is not subject to discharged claims such as the one at issue here. *See In re Midway Partners*, 995 F.2d 490 (4th Cir. 1993).

Thus, to permit the Creditor's lien to remain in place to any degree, where the Debtors' exemption is completely impaired, would substantially defeat the rehabilitative purpose of the Code and mitigate the benefits inherent when a debtor seeks bankruptcy protection.

## CONCLUSION

In light of the case law cited, *supra,* and the Court's reasoning and construction of the Code's lien avoidance provisions, the Creditor's judicial lien is hereby avoided in its entirety in accordance with the Court's Order heretofore entered.

---

4. See text, *supra,* at pp. 189–90; *see also, In re Boyd,* 11 B.R. 690, 693 (Bankr.W.D.Va.1981), *citing* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 126–7, U.S.Code Cong. & Admin.News 1978, p. 5787.

5. *See, e.g., In re Cerniglia,* 137 B.R. 722 (Bankr. S.D.Ill.1992); *In re Sanglier,* 124 B.R. 511 (Bankr.E.D.Mich.1991).

6. While no action under § 547 has been brought by the chapter 7 trustee in this case, in all likelihood because of the small amount of equity present, the Creditor likely fits the above description, having obtained and recorded its property interest within 90 days of the Debtors' filing.

7. 11 U.S.C. § 524 provides in pertinent part:

(a) A discharge in a case under this title—(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability* of the debtor with respect to any debt discharged under section 727....

.        .        .        .        .

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect to recover from, or offset against, property of the. debtor of the kind specified in section 541(a)(2) of this title *that is acquired after the commencement of the case,* on account of any allowable community claim.... (emphasis added)

**192**

Service of a copy of this Order shall be made by mail to the Debtors; counsel for Debtors/Movants; counsel for Respondent; and Trustee.