**Karen S. MASSIE, Appellant,**

v.

**Rosalie YAMROSE, Appellee.**

**Civ. A. No. 94–008–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

July 8, 1994.

John Edward Whitfield, Blue Ridge Legal Services, Inc., Harrisonburg, VA, for appellant.

Rosalie Yamrose, pro se.

### *MEMORANDUM OPINION*

MICHAEL, District Judge.

Appellant seeks review of a November 30, 1993 decision and order of the Bankruptcy Court denying her motion to avoid Appellee's

---

lien pursuant to 11 U.S.C. § 522(f)(1). The issue before the court is whether Appellee's docketed judgment is a "judicial lien" that "impairs" an exemption to which the debtor would be entitled as a tenant by the entirety, even though the lien cannot be enforced while the tenancy survives. For the reasons that follow, the decision of the Bankruptcy Court is reversed.

## I.

█ Appellee obtained a $2,994.56 judgment against Appellant on March 27, 1992 in the General District Court of the City of Waynesboro. On April 21, 1992, Appellee docketed the judgment in the Circuit Court of the City of Waynesboro, which acts as a judgment lien against any real property owned by Appellant located in the City of Waynesboro. Va.Code § 8.01–458. Appellant does, in fact, own real property in the City of Waynesboro, but she and her non-debtor spouse own it as tenants by the entirety. In Virginia, property held by tenants by the entirety is completely immune from the claims of creditors against either spouse alone. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). As a result, Appellee may not enforce her judgment lien against the property unless and until Appellant acquires an interest other than as a tenant by the entirety.

On June 7, 1993, Appellant filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. Soon thereafter, she filed a motion to avoid Appellee's lien pursuant to 11 U.S.C. § 522(f)(1). That section states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in proper-

ty to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien. . . .

*Id.* Subsection (b) includes in the property that a debtor may exempt from property of the estate [1] any interest in property held "as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." *Id.* § 522(b)(2)(B).[2] Thus, because the tenancy by the entirety would entitle Appellant to an exemption but for the lien, *see Owen v. Owen*, 500 U.S. 305, 310–11, 111 S.Ct. 1833, 1836–37, 114 L.Ed.2d 350 (1991), whether Appellee has a "judicial lien" and whether it "impairs" the exemption are crucial to determining whether § 522(f)(1) applies.

## II.

In its decision below, the Bankruptcy Court ruled that Appellant could not avoid the lien. The court reasoned that because Appellee's judgment was against Appellant alone, and not also her co-tenant by the entirety, there was no property to which any lien properly could attach. *See Vasilion*, 66 S.E.2d 599. Although the court recognized that a judicial lien may arise in the future if the tenancy by the entirety was dissolved, the very basis for the exemption would have disappeared with the tenancy, leaving no exemption to be impaired by the lien. As a result, the Bankruptcy Court held that § 522(f)(1) was not satisfied. No facts are in dispute; the standard of review, therefore, is de novo. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

---

1. Of course, no property can be exempted unless it is part of the bankruptcy estate. *See Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Appellant, therefore, individually must possess an interest in the property before it can be exempted from the bankruptcy estate. *Id.* Despite the indivisible nature of the tenancy by the entirety, Appellant's undivided interest in property held by tenants by the entirety is property of the estate. *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981), *aff'g In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980). Although *Greenblatt* was decided pursuant to Maryland law, Virginia's tenancy by the entirety is equivalent to

Maryland's. *See In re Martin*, 20 B.R. 374 (Bankr.E.D.Va.1982).

2. Virginia has "opted out" of the federal exemption scheme as permitted by § 522(b), but Virginia law also exempts from execution by creditors property which is owned by tenants by the entirety, so long as only one tenant is the debtor. *See Vasilion v. Vasilion*, 66 S.E.2d 599 (1951). As a result, pursuant to either Virginia law or the hypothetical federal exemption, *see In re Opperman*, 943 F.2d 441, 443 (4th Cir.1991), the exempt status of the property is not in dispute.

## III.

■ The court first must examine whether Appellee's judgment against Appellant was a "judicial lien" pursuant to § 522(f)(1). Although this is a judgment lien pursuant to Virginia law, *see* Va.Code § 8.01–458, that does not determine whether it is a judicial lien as defined by the Bankruptcy Code. The Bankruptcy Court properly defined a judicial lien as "a charge against or interest in property to secure payment of a debt or performance of an obligation obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §§ 101(36), (37). The interest held by Appellee was obtained pursuant to Va.Code § 8.01–458, which clearly qualifies as being obtained by judgment or other legal process. The core issue, therefore, is whether there truly is "a charge against or interest in" the property held by Appellant and her non-debtor spouse given the invalidity of any lien against property held by tenants by the entirety.

For all practical purposes, this question is the same as whether the lien impairs the exemption. If Appellee does not have a charge against or interest in the property, then nothing exists that can impair the exemption. Conversely, if the lien (assuming that it is one) does impair the exemption, then it must be a charge against or an interest in the property. As a result, for the purposes of the issue involved in this case, the court can assume that Appellee holds a judicial lien in order to decide whether such lien impairs Appellant's exemption.

## IV.

The determinative issue in this case is whether a lien "impairs" an exemption pursuant to § 522(f) if it is not capable of being enforced until the basis of the exemption itself disappears. In this case, Appellee's lien is completely ineffective against the property held by Appellant and her non-debtor spouse as tenants by the entirety, unless and until the tenancy itself dissolves and Appellant is left with an interest in the

property other than as a tenant by the entirety.

The court is guided in its decision by *In re Opperman*, 943 F.2d 441 (4th Cir.1991). That case involved a debtor seeking to avoid a lien based on a homestead exemption which, pursuant to North Carolina law, terminated if the debtor subsequently sold the property. *Id.* at 442. North Carolina had "opted out" of the federal exemption scheme, which would have provided the debtor a $7,500 homestead exemption not limited to the debtor's term of actual residence in the property. *See* 11 U.S.C. § 522(d). The Fourth Circuit allowed the debtor to avoid the lien, stating:

> It is clear to this Court that the provision of [the North Carolina statute] limiting the homestead exemption to the duration of the debtor's actual residence in that place must not be applied in preference to the avoidance power of section 522(f). Such a lien may be avoided if it impairs the debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme.

*Opperman*, 943 F.2d at 443. The Fourth Circuit held, therefore, that the lien could impair the exemption even though the exemption would have to dissolve (the property would no longer be the debtor's homestead) before the lien could be enforced.[3]

As applied to this case, *Opperman* suggests that the proper question is not whether the basis for the exemption is impaired, but whether the property currently subject to the exemption could become impaired by the lien. This implication is buttressed by the language granting the exemption in § 522(b). That section allows the debtor to "exempt from property of the estate the property" specified in the remainder of the section. 11 U.S.C. § 522(b). Section 522(b) goes on to say that such exempt property is "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety...." *Id.* § 522(b)(2)(B). In this case, the

---

3. *Opperman* is not directly on point because its holding is based on a state-created exception to an exemption also offered by the federal exemp-

tion scheme. In this case, the exemption granted by Virginia is as complete as the hypothetical federal exemption for a tenancy by the entirety.

exemption is granted to the property itself, rather than to the tenancy by the entirety, and the relevant date in determining the exemption is the date that the debtor filed the bankruptcy petition. *See Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. The exemption is granted to Appellant's interest in the property because on the date that Appellant filed her bankruptcy petition the property was owned by tenants by the entirety, and this is not dependent on how it is owned at anytime in the future. As the Fourth Circuit implied in *Opperman,* therefore, the question is whether Appellee's lien can attach to the *property,* not to the tenancy, thereby impairing the exemption to which Appellant currently is entitled.

Absent avoidance of the lien pursuant to § 522(f)(1), the lien could attach to the property if the tenancy by the entirety dissolves. If the unity of husband and wife is broken, the tenancy by the entirety is lost along with it. Appellant's husband could die, or she could divorce him and retain an individual interest in the property. If either of those events occurred, Appellee then would be able to enforce her lien against the property. Although the tenancy could never be impaired, the exemption surely could be. Appellee's lien, therefore, impairs an exemption to which Appellant would be entitled but for the lien.[4] Pursuant to § 522(f)(1), Appellant may avoid the lien.

### V.

Although Appellee's lien may not be enforced against Appellant's property unless and until the tenancy by the entirety dissolves, such lien impairs Appellant's exemption. The focus of the exemption granted in § 522(b)(2)(B) is the property itself, not the tenancy. If it is not avoided, the lien may be enforced against the property after the tenancy by the entirety dissolves. This would constitute an impairment of Appellant's exemption; therefore, Appellant may avoid the lien pursuant to § 522(f)(1). For the reasons stated, the November 30, 1993 decision and

order of the Bankruptcy Court is hereby reversed.

An appropriate Order shall this day issue.

---

**4.** Because Appellee's interest could attach to the property at some later date, it is a "charge against or interest in property" held by Appellant. *See* 11 U.S.C. § 101(37). Thus, because

Va.Code § 8.01–458 is a legal process allowing Appellee to obtain the lien, it is clear that the Appellee possesses a "judicial lien," as defined in the Bankruptcy Code.