**In re Beverly B. CORDOVA, Debtor.**

**Beverly B. CORDOVA, Appellant,**

v.

**Robert G. MAYER, Trustee, Appellee.**

**Bankruptcy No. 93–11136–AB.
Civ. A. No. 94–1471–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 16, 1995.

untary dismissal "operates as an adjudication upon the merits" unless otherwise specified by the court.

**528**

Irve Charles LeMoyne, Jr., Sandground, Barondess & West, P.C., Vienna, VA, for appellant.

Tina M. McMillan, Mayer, Skoro & Scanlan, Fairfax, VA, for appellee.

## OPINION

BRINKEMA, District Judge.

This is an appeal from the bankruptcy court's September 13, 1994 order sustaining the objection of the trustee, Robert G. Mayer, to the claim of exemption by the debtor, Beverly B. Cordova. On March 19, 1993, Beverly B. Cordova filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, pursuant to Chapter 7 of the United States Bankruptcy Code. At that time, she and her husband, William R. Cordova, III, were in the midst of a divorce proceeding pending in the Circuit Court of Fairfax County, Virginia. The Final Decree of Divorce, entered on August 18, 1993, awarded to the debtor, subject to a lien in favor of her then divorced husband, certain real property that had been owned by debtor and her husband as tenants by the entireties. As a result, debtor and her ex-husband ceased to be tenants by the entireties, and debtor became the fee simple owner of the property.

The debtor claimed an exemption pursuant to 11 U.S.C. § 522(b)(2)(B), which "exempt[s] from property of the estate ... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety...." 11 U.S.C. § 522(b)(2)(B). The trustee objected to the claimed exemption, arguing that since the debtor's interest in the property changed from that of a tenant by the entirety to that of a fee simple owner, pursuant to a decree of divorce entered within 180 days of the bankruptcy, the debtor lost her entireties exemption. The trustee based his argument on the definition of an estate under 11 U.S.C. § 541(a)(5)(B), which specifically allows for the inclusion of certain after-acquired property:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

... (5) Any interest in property that would have been property of the estate if such interest had been an interest of

the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

> ... (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; ...

■ Under the above provision, the debtor's after-acquired fee simple interest clearly became property of the estate. At the time of filing, however, the property was entireties property and was, therefore, subject to a § 522(b)(2)(B) exemption.[1] Thus, the question presented is whether a debtor loses her § 522(b)(2)(B) entireties exemption, when pursuant to a divorce decree entered within 180 days of filing her petition in bankruptcy, she acquires a fee simple interest in that property. This court holds that, in such a case, the debtor loses her § 522(b)(2)(B) exemption.

■ The debtor correctly contends that, in analyzing this issue, the bankruptcy court should first determine what property is "property of the estate" within the meaning of § 541, and then should apply any proper § 522 exemption claimed by the debtor. *See Sumy v. Schlossberg,* 777 F.2d 921, 923 (4th Cir.1985) ("First, § 541 defines what property of the debtor becomes property of the bankruptcy estate.... Section 522(b) then provides [for exemptions]...."); *BancOhio National Bank v. Walters,* 724 F.2d 1081 (4th Cir.1984) (observing that the clear language of § 522(b) allows the debtor to elect any of the applicable exemptions provided by § 522, "notwithstanding section 541"). Thus, in this case, the court must determine, first, what interests of the debtor are included in the "property of the estate" pursuant to § 541; and, second, which of those interests can the debtor exempt *out of* the estate pursuant to § 522(b)(2)(B).

### § 541: Property of the Estate

■ Turning to the first prong of the analysis, the court must first determine the prop-

erty of the estate. An estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, the property of the estate includes not only property in which the debtor had an interest at the time of filing, but also, certain after-acquired property. Specifically, property of the estate includes "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquire[d] ... within 180 days after such date ... as a result of a ... final divorce decree." 11 U.S.C. § 541(a)(5)(B).

At the time of the commencement of the case, the debtor had an interest in property as a tenant by the entirety and her interest as such became property of the estate under § 541(a)(1). Within 180 days after filing her petition, the debtor acquired an interest in the property as a fee simple owner, pursuant to a divorce decree. Therefore, the debtor's fee simple interest, acquired by virtue of the divorce, became the property of the estate within the meaning of § 541(a)(5)(B).

### § 522: Exemption Out of the Estate

■ The second prong of the analysis requires the court to determine whether the claimed exemption takes any interests *out of* the bankruptcy estate. *See Massie v. Yamrose,* 169 B.R. 585, 586, n. 1 (W.D.Va.1994) ("[o]f course, no property can be exempted unless it is part of the bankruptcy estate"); *In re Sivley,* 14 B.R. 905 (E.D.Tenn.1981) ("[i]t should be clear that debtor's exemptions are exemptions out of property of the estate"). Here, the debtor claimed an exemption for an interest which she had, "immediately before the commencement of the case, ... as a tenant by the entirety...." *See* 11 U.S.C. § 522(b)(2)(B). That exemption was fixed at the time of filing her petition. *See Sivley,* 14 B.R. at 909–10.

---

1. The parties agree that even if § 522(b)(2)(B) applied, the property is only exempt to the extent allowable under applicable Virginia law. In Virginia, property held as tenants by the entireties is completely immune from the claims of creditors against either spouse alone, but not from the claims of joint creditors of both spouses. *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 (1951).

After filing, however, the property ceased to be entireties property. Within 180 days of filing and pursuant to a final decree of divorce, the debtor acquired the property as a fee simple owner. Thus, the property was swept back into the estate under § 541(a)(5)(B). This fee simple property is not entitled to any exemption. Stated another way, the debtor lost the entireties exemption when the property ceased to be entireties property. *See Sivley,* 14 B.R. at 910 (divorced debtor "lost the exemption given by § 522(b)(2)(B)," when property changed from tenants by the entireties property to tenants in common property); *Massie,* 169 B.R. at 587 ("If the unity of husband and wife is broken, the tenancy by the entirety is lost along with it. Appellant[ ] ... could divorce [her husband] and retain an individual interest in the property.... Although the tenancy could never be impaired, the exemption surely could be.") Thus, § 522 effectively has no bearing.[2]

Debtor contends that, after the divorce, her property interest was actually decreased rather than enlarged, since as tenants by the entireties, she and her husband owned the whole property, while the divorce decree awarded her only seventy-five percent of the equity in the home. However, debtor fails to appreciate that, by virtue of the divorce decree, she acquired valuable property rights. As a fee simple owner, she can sell, convey, give or encumber the property without the consent or joinder of her former spouse. She can direct the disposition of the property in a will. She is solely entitled to occupy, rent and sell the property and was solely entitled to all rents and profits from the property. "The trustee in bankruptcy is the representative of the estate and as such acquires the debtor's rights in the property." *Sivley,* 14 B.R. at 909. Thus, the trustee acquired the debtor's fee simple interest in the property, with all its benefits and burdens. As such, it is available to pay Ms. Cordova's just debts.

2. In support of her contention that the bankruptcy court erred, the debtor points to the court's statement that § 522 has no bearing. *See* Transcript of Hearing, at 15. If stated as a general principle, it would be incorrect because § 522

For the foregoing reasons, the ruling of the bankruptcy court sustaining the trustee's objection to the claimed exemption is

AFFIRMED.

exempts certain interests out of the bankruptcy estate as defined by § 541. However, to the extent that the bankruptcy court meant that, in this particular case, § 522 effectively has no bearing, the court was correct.