**In re James E. McQUEEN and Shirley T. McQueen, Debtors.**

**No. 5:94–CV–631–BR.**

United States District Court,
E.D. North Carolina,
Western Division.

March 28, 1995.

William E. Brewer, Jr., Raleigh, NC, for James McQueen, Shirley McQueen.

Mark C. Kirby, Raleigh, NC, Gerald A. Jeutter, Jr., Petree Stockton, Raleigh, NC, for Branch Banking and Trust Co.

### ORDER

BRITT, District Judge.

This matter is before the court on appeal by the debtors from an order of United States Bankruptcy Judge J. Rich Leonard issued 11 April 1994. The issues on appeal have been fully briefed and are now ripe for decision.

### I. FACTS

This appeal arises from the debtors' motion to avoid the 12 January 1994 judgment lien of Branch Banking and Trust Company (BB & T) presently levied against their residence. The debtors originally filed a motion to avoid this judgment lien in January 1993, but withdrew that motion a month later. On 28 February 1994, the debtors amended their claim of exemptions to include their interest in their residence. On 1 March 1994, United States Bankruptcy Judge J. Rich Leonard held a hearing on the debtors' second motion to avoid the judgment lien and on 11 April 1994, Judge Leonard denied the motion on the ground that the debtors have no equity in their residence and that an exemption is impaired only to the extent that the debtor has equity in the property.

The underlying facts of this case are not in dispute. The debtors own their residence located at 4809 Shaw Avenue in Wilmington, North Carolina. The property is subject to a first deed of trust lien held by BB & T[1] in the amount of $155,000.00 and a second deed

---

1. This deed of trust was originally held by Car-    olina Savings Bank but is now held by BB & T.

of trust held by United National Bank in the amount of $743,000.00. The property is also subject to a judicial lien to NationsBank in an amount in excess of $50,000.00 and the judicial lien to BB & T in an amount in excess of $350,000.00, which is the subject matter of the instant appeal. The total of these liens makes the debtors' property subject to voluntary liens in excess of $898,-000.00, and involuntary judgment liens in excess of $400,000.00. It has been established that the debtors have no equity in their residence and that, at the time the motion at issue was filed, the debtors had not claimed the residence as exempt but did make such a claim in a later amendment to the motion.

## II. DISCUSSION

■ The sole issue on appeal is whether the bankruptcy court erred in determining that the debtors are not entitled to avoid the judgment lien on their residence held by BB & T because the debtors have no equity in the residence. The findings of fact issued by a bankruptcy court are binding on a district court unless they are found to be clearly erroneous. Bankruptcy Rule 8013. All parties agree with the facts as stated by the bankruptcy court and there has been no assertion from any party involved that the factual findings of the bankruptcy court are erroneous in any way. Therefore, the court finds the facts as stated by the bankruptcy court were not clearly erroneous and will proceed to review the matter of law *de novo*. *In re Rape*, 104 B.R. 741 (W.D.N.C.1989).

■ The debtors contend that the bankruptcy court erred in denying their motion for two reasons. The first reason stems from the relationship between North Carolina law and the Bankruptcy Code. Section 522(b)(1) of the Bankruptcy Code specifically. provides that the exemptions listed in § 522(d) apply "unless State law that is applicable to the debtor under paragraph (2)(A) of this subsection does not so authorize...." North Carolina General Statute § 1C–1601(f) makes it clear that North Carolina has opted-out of the § 522(d) exemptions and has instead created its own. North Carolina

General Statute § 1C–1601(a)(1) provides, in pertinent part:

(a) Exempt property—Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors:

(1) The debtor's aggregate interest, not to exceed ten thousand dollars ($10,000.00) in value, real property or personal property that the debtor or a dependent of the debtor uses as a residence....

The debtors contend that the above-quoted statute allows a debtor to keep his interest in his residence, not just the value of that interest, beyond the reach of creditors. They further claim that the value of the interest in the residence is only relevant with respect to the $10,000.00 ceiling placed on it and that the statute does not require the debtor's interest to have a positive value in order to be claimed as exempt.

The debtors' second reason that the bankruptcy court erred in denying their motion is based on Section 522(f)(1) of the Bankruptcy Code, which provides, in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extend that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; ....

The debtors maintain that the bankruptcy court was wrong to equate the terms "debtor's interest" as used in N.C.Gen.Stat. § 1C–1601(a)(1) and "interest of the debtor" as used in § 522(f)(1) of the Bankruptcy code with the value of the debtor's financial interest in the property. The debtors assert that these terms are used in the statutes to represent much more than a monetary interest and instead should be read to encompass the debtor's "use and possession of their property in perpetuity." In support of this position, the debtors rely on the general bankruptcy principle known as "fresh start" and several cases in which liens on property were avoided where the debtor had less equity in the property than the amount of the lien. *See In re Cross*, 164 B.R. 496 (Bankr.E.D.Pa.1994);

*In re Citrone,* 159 B.R. 144 (Bankr.S.D.N.Y. 1993); *In re Johnson,* Case No. 90–03508–5–ATS (Bankr.E.D.N.C. Dec. 2, 1993).

The creditor, BB & T, maintains that the bankruptcy court was correct in its denial of the debtors' motion on the grounds that the debtors had no interest in the property in question. In so doing, BB & T relies heavily on the Fourth Circuit case of *In re Opperman,* 943 F.2d 441 (4th Cir.1991). BB & T asserts that *Opperman* held that a lien larger in amount than the exemption available to a debtor does not impair the exemption for purposes of 11 U.S.C. § 522(f) and that this holding is dispositive of the case. BB & T relies on the plain meaning of § 522(f) and characterizes the debtors' interpretation of the statute as tortured.

The resolution of the issue in this case turns on the interpretation of 11 U.S.C. § 522(f) and the policy Congress intended to further when this statute was drafted. On 7 October 1994, Congress passed the Bankruptcy Reform Act of 1994, and that Act became law on 22 October 1994 when it was signed by the President. Section 303 of the Act is entitled "Impairment of Exemptions" and it amends § 522(f) with the addition of subsection 2(A). This new subsection specifically establishes a formula to be used in defining the impairment of an exemption by a judicial lien and provides, in pertinent part, as follows:

> For the purpose of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

This amendment to § 522(f) does not apply to cases pending when the Act became law and, therefore, is not controlling of the case at bar. However, the legislative history surrounding this amendment fully supports the debtors' interpretation of § 522(f) and makes it clear that these amendments were intended to clarify the intentions of Congress when it originally drafted § 522(f).

The legislative history of § 303 of the Act speaks directly to the issue on appeal. The Congressional Record on 4 October 1994 states:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption.... The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example of a debtor with a home worth $40,000.00 and a $40,000.00 mortgage. Most courts and commentators have understood that in that situation the debtor is entitled to exempt his or her residual interest, such as a possessory interest in the property, and avoid a judicial lien ... in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien.

140 Cong.Rec. H10769 (daily ed. October 4, 1994). The scenario described by Congress is almost factually identical to the case at bar. It is clear from the comments made in amending § 522(f) that the statute was originally intended to provide a debtor the opportunity to avoid a judicial lien in a residence without regard to the debtor's monetary interest in that residence.

Applying this original intent to the facts of the case at bar, the bankruptcy court was in error and the debtors should have been allowed to avoid BB & T's judicial lien. The question now arises as to the extent to which the judicial lien may be avoided.

Congress also clarified the original intent of § 522(f) as to the extent of lien avoidance in the legislative history of the 1994 amendments. In describing a second scenario that

34

has caused courts to misinterpret the original intent behind § 522(f), Congress stated:

> [W]here a debtor has a $10,000.00 homestead exemption, a $50,000.00 house and a $40,000.00 first mortgage, most commentators and courts would have said that a judicial lien of $20,000.00 could be avoided in its entirety. Otherwise, the creditor would retain all or part of the lien and be able to threaten postbankruptcy execution.... However, a few courts ... held that the debtor could only avoid $10,000.00 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,000.00 lien attached to the debtor's exempt interest in property.

140 Cong.Rec. H10769 (daily ed. October 4, 1994). The comments make it clear that a partial avoidance of the lien would not be in line with the original intent of § 522(f) and the amendments obviate Congress' desire not to permit such a result. In keeping with the original intent of § 522(f), the judicial lien held by BB & T should be avoided in its entirety.

### III. CONCLUSION

For the reasons stated above, the decision of the bankruptcy court is REVERSED, and this matter is REMANDED to the bankruptcy court for treatment not inconsistent with this opinion.