**In re Sonya O. HEMRIC, Debtor.**

**No. 02–12010.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

Sept. 28, 2005.

James Marion Green Jr., High Point, NC, for Debtor.

## *MEMORANDUM OPINION*

WILLIAM L. STOCKS, Bankruptcy Judge.

Sonya O. Hemric (the "Debtor") filed a motion to avoid $156,664 of a $165,164 judicial lien in favor of Marilyn L. Draughn on the basis that the judicial lien

impairs the Debtor's homestead exemption. Ms. Draughn objects to the Debtor's motion on the grounds that the Debtor is only entitled to avoid $10,000 of her judicial lien, which was the amount of the North Carolina homestead exemption at the time the Debtor filed her Chapter 7 bankruptcy. The motion came before the court on September 20, 2005, at which time the court took it under advisement. For the reasons stated herein, the court will overrule Ms. Draughn's objection and grant the Debtor's motion to partially avoid Ms. Draughn's judicial lien.

## I. BACKGROUND

When the Debtor filed her Chapter 7 bankruptcy on July 5, 2002, she owned and resided at real property in Trinity, North Carolina, which she valued at $97,500. On Schedule D, the Debtor indicated that the property was encumbered by a deed of trust in favor of Washington Mutual Bank securing indebtedness of $79,000. Pursuant to N.C. Gen.Stat. § 1C–1601(a)(1), the Debtor claimed a $10,000 homestead exemption in the property.

On Schedule F, the Debtor listed the judgment lien in favor of Ms. Draughn. As of the petition date, the amount of that judgment was $165,164. After reviewing the Debtor's case, the Chapter 7 trustee filed a report of no distribution, the Debtor received her discharge, and the case was closed on February 7, 2003.

On June 21, 2005, the Debtor filed a motion to reopen her bankruptcy case so that she could attempt to avoid the judicial lien of Ms. Draughn under Section 522(f) of the Bankruptcy Code. After notice and a hearing, and without objection from any party in interest, the court reopened the Debtor's case on July 21, 2005. By that time, the judgment lien in favor of Ms. Draughn had increased to $202,553.

## II. ANALYSIS

Ms. Draughn argues that the Debtor cannot avoid her judicial lien by an amount greater than the applicable homestead exemption—$10,000—and that the formula set forth by Congress in 11 U.S.C. § 522(f), which would allow the Debtor to avoid all but $8,500 of her $165,164 judicial lien, is not controlling.[1] Ms. Draughn bases her argument on a statement made by the Fourth Circuit Court of Appeals in *Wachovia Bank & Trust Co., N.A. v. Opperman (In re Opperman)*, 943 F.2d 441, 444 (4th Cir.1991), wherein the court opined: "A lien larger than the amount of the exemption available to the debtor does not impair the exemption." This statement in *Opperman*, however, was made before the 1994 amendments to 11 U.S.C. § 522(f)(2)(A), which added the formula for determining when a judicial lien impairs an exemption. After the 1994 amendments, Section 522(f)(2) states:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;

---

1. Ms. Draughn also objected to the motion to avoid lien on the basis that no exemption currently existed for Ms. Draughn's judicial lien to impair because the Debtor no longer lives in her former homestead. At the hearing, however, counsel for Ms. Draughn acknowledged that this court had previously ruled that the date of the petition in bankruptcy is the controlling date for determining the applicable exemption and counsel abandoned

that ground of objection in light of the previous ruling. *In re Bowes*, No. 04–81207, 2005 Bankr.LEXIS 1089 at *4–5 (Bankr.M.D.N.C. Feb. 11, 2005) ("Most courts considering this issue have concluded that the debtor need not have an interest in the exempt property when the motion is filed in order to obtain relief under § 522(f)(1). This result is consistent with the language and intent behind § 522(f) and is adopted in this case.").

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A)

■ Under Congress's formula, a judicial lien may be avoided notwithstanding the fact that the amount of the lien exceeds the dollar amount of the applicable exemption. *E.g., Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 328 F.3d 406, 409–10 (8th Cir.2003) (avoiding a judicial lien of $134,000 because it impaired the debtor's homestead exemption of $8,000); *In re McQueen*, 196 B.R. 31, 34 (E.D.N.C.1995) (declining to follow the statement in *Opperman* and holding that a partial avoidance of the judicial lien limited to the dollar value of the exemption would not be in line with the intent of § 522(f)). When a statute's language is plain, the court's sole function is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■ Pursuant to the formula set forth in Section 522(f)(2)(A), the court is required to add the amount of the first mortgage on the property ($79,000), the amount of the judgment lien ($165,164),[2] and the amount of the homestead exemption that the Debtor would be entitled to in the absence of any liens on the property ($10,-000). From this amount ($254,164), the value of the property ($97,500) is subtracted, which results in a total impairment of $156,664. Because the total amount of the judgment lien to be avoided was $165,164 as of the petition date, the unavoided portion of the judicial lien is $8,500.

## III. CONCLUSION

The Debtor's motion to avoid the judicial lien of Ms. Draughn will be granted as set forth above and Ms. Draughn's objection to that motion will be overruled. A separate order will be entered pursuant to Fed. R. Bankr.P. 9021.

## ORDER

This matter comes before the court on Debtor's motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014. Consistent with the memorandum opinion entered contemporaneously herewith, the court concludes:

1.  All parties in interest have received due notice of the motion.

2.  The Debtor exempted property described as 2903 Hunt Ridge Court, Trinity, North Carolina, with a value of $97,500, as of the petition date.

3.  Pursuant to N.C.G.S. § 1C–1601(a)(1), the Debtor claimed an exemption in the above mentioned property of $10,000.

4.  The above mentioned property is encumbered by a first deed of trust in favor of Washington Mutual Bank, which secures indebtedness with an unpaid balance of $79,000 as of the petition date.

5.  Marilyn L. Draughn holds a judicial lien against the above mentioned property pursuant to a judgment dated April 17, 2001, and recorded in Judgment Book 63, page 153, in the

---

**2.** The parties voiced some disagreement over whether the amount of the lien to be avoided should be valued as of the petition date ($165,164) or the date of the motion to avoid the judicial lien ($202,553). Under the formula used in Section 522(f), however, the extent of the impairment is the same regardless of the applicable date.

Randolph County Registry, in the amount of $150,000, plus interest and attorney's fees of $15,164.45, as of the petition date.

6. Because the total aggregate of the liens and the value of the exemption is $254,164.45, which exceeds the value of Debtor's interest by $156,664.45, which is less than the amount of the judicial lien sought to be avoided, $165,164.45, such lien may be avoided pursuant to 11 U.S.C. § 522(f)(1) to the extent of only $156,664.45, relative to the value of the judicial lien as of the petition date, and the rest of such judicial lien in the amount of $8,500 remains in effect.

Therefore, it is

**ORDERED** that the judicial lien held by Marilyn L. Draughn, and recorded in Judgment Book 63, page 153, in the Randolph County Registry be and hereby is AVOIDED AND CANCELLED to the extent that $156,664.45 of said judgment shall have no further force and effect against the property described as 2903 Hunt Ridge Court, Trinity, North Carolina, with the balance thereof in the amount of $8,500 remaining as a lien against such property.