In re Bruce SAUCIER and Sandra D. Saucier, Debtors.

Bruce Saucier and Sandra D. Saucier, Movants,

v.

Quantum Varde Asset Fund, LLC, Respondent.

No. 02–21492.

United States Bankruptcy Court, D. Connecticut.

Oct. 20, 2006.

384

384

384

Joel M. Grafstein, Esq., Grafstein and Associates, Farmington, CT, Counsel for Movants–Debtors.

Gregory F. Arcaro, Esq., Brown, Paindiris & Scott, LLP, Glastonbury, CT, Counsel for Respondent.

## RULING ON DEBTORS' MOTION TO AVOID JUDGMENT LIEN AS IMPAIRING EXEMPTION

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

Bruce Saucier and Sandra D. Saucier (together "the debtors"), on May 17, 2002, jointly filed a petition under Chapter 7 of the Bankruptcy Code. Their estate trustee filed a report of no distribution and the court, on September 3, 2002, granted the debtors a discharge. The debtors' bankruptcy case was closed on November 4, 2002. The debtors, on May 18, 2006, filed both a motion to reopen the case and to avoid a judicial lien recorded against their homestead property ("the home") known as 46–48 Spruce Street, Manchester, Connecticut as impairing their ' exemptions("the avoidance motion"). The court reopened the case on June 13, 2006. Quantum Varde Asset Fund, LLC ("the respondent"), the asserted present holder of the judicial lien at issue, filed an objection to the avoidance motion, contending that the doctrine of laches bars avoidance of the judgment lien.

The court, on August 16, 2006, held an evidentiary hearing at which the debtors were the sole witnesses. Both parties presented documentary evidence and, following the hearing, the parties filed briefs in support of their positions.

### II.

#### BACKGROUND

Dime Savings Bank of New York, FSB ("Dime"), on April 22, 1991, obtained a deficiency judgment ("the deficiency judgment") in the amount of $42,451.84 against the debtors following foreclosure of a mortgage on the debtors' property located in Ashford, Connecticut. Dime subsequently assigned the deficiency judgment to the respondent[1] who, on February 21, 2002, garnished the debtors' bank accounts at Savings Bank of Manchester ("SBM"). The respondent, on April 23, 2002, recorded in the Manchester Land Records a judgment lien against the home, based upon the deficiency judgment.

Following the seizure of their bank accounts, the debtors filed their Chapter 7 petition, listing the respondent in Schedule F of the petition as an unsecured creditor to whom they owed a "deficiency judgment" of $104,587.37, the then outstanding balance of the deficiency judgment, including attorney's fees, costs, and post-judgment interest. Other schedules indicated that the debtors jointly owned the home, valued at $90,000 (Schedule A–Real Property), subject to a mortgage with an outstanding balance of $80,516.63 (Schedule D–Secured Claims). The debtors, pursuant to Bankruptcy Code § 522(d)(1), exempted their interest in the home to the extent of $9,483.37 (Schedule C–Exempt Property).

### III.

#### ARGUMENTS AND EVIDENCE

The respondent argues that the doctrine of laches bars the debtors from asserting their right to avoid the judgment lien because they waited too long to do so and the respondent has been prejudiced by the delay. The debtors testified that, prior to the seizure of their SBM accounts by the respondent in February, 2002, they believed the deficiency judgment had been

---

[1]. From the evidence presented it is unclear how the respondent became the assignee of the deficiency judgment. Since the parties have raised no issue in this regard, the court will simply refer to the respondent.

extinguished in the 1991 foreclosure proceedings; that, although following the SBM garnishment they then were aware that the deficiency judgment remained unsatisfied, they had no knowledge of a judgment lien on the home until the respondent served them with a foreclosure complaint on or about April 26, 2006; and that, when they filed their bankruptcy petition, they were unaware of the judgment lien recorded against the home twenty-four days earlier.

The respondent contends that the debtors were aware of the judgment lien and failed to timely assert their right to avoid it in 2002. The only evidence adduced in support of this contention is a notation "cc: Bruce A. Saucier" on the judgment lien drafted by the respondent's former counsel. (Exh.7.) The debtors deny receiving a copy of the judgment lien, and the respondent provided no evidence of mailing.

The respondent alleges that it has been unfairly prejudiced by the debtors' failure to file the avoidance motion in a more timely fashion because the respondent had (1) already commenced foreclosure proceedings and (2) would incur the cost of a retrospective, rather than relatively current, appraisal of the home. The respondent offered no evidence as to such costs, nor did it introduce any evidence disputing the debtors' valuation of the home.

## IV.

## DISCUSSION

### A. Laches

Bankruptcy Code § 522(f)(1)(A)[2] imposes no time limit on debtors' motions to avoid liens. The court may, in its discretion, however, dismiss such a motion under the equitable doctrine of laches.

The doctrine of laches is a defense that one party raises to prevent an opposing party from seeking the relief she requests. It is based upon the principle that the moving party is barred from seeking relief because she has unreasonably delayed in asserting her rights to the prejudice of the other party.

*In re Fairchild*, 285 B.R. 98, 101 (Bankr. D.Conn.2002)

### i. Delay

The court credits the debtors' testimony that they had no knowledge of the respondent's lien prior to April, 2006. After learning of the lien, the debtors promptly filed their motions to reopen their case and to avoid the lien. The court concludes that the debtors' delay in seeking to avoid the lien of which they had no prior knowledge was, under the circumstances presented, excusable.

### ii. Prejudice

"To establish prejudice, which is the other element of the defense of laches [the respondent] must demonstrate that the delay caused [it] a disadvantage in asserting and establishing a claimed right or defense." *In re Bianucci*, 4 F.3d 526, 528 (7th Cir.1993). "Passage of time in itself does not constitute prejudice. But delay may be prejudicial when it is combined with other factors." *Id.* (citations omitted).

The respondent alleges that it has been prejudiced in two ways by the debtors' delay in bringing the motion. "First, the

2. Section 522(f)(1)(A) provides:
(f)(1) Notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien....

Respondent has incurred the expense of commencing foreclosure proceedings. Second, the Respondent ... would be forced to incur the additional expense of obtaining a forensic appraisal to defend the Motion to Avoid Liens." (Res. Br. at 4.) The respondent, at the hearing, presented no evidence to quantify such allegations. The court notes that the foreclosure proceeding in state court had progressed only to the point of service of the complaint before it was stayed by the reopening of the debtors' case. *Cf. Bianucci,* 4 F.3d at 527 (noting that foreclosure of the lien had already been litigated in state court through the appellate level). Furthermore, the cost differential in obtaining an appraisal of a residential property as of four years ago, as compared to a current appraisal, may be expected to be relatively minor. *See Fairchild,* 285 B.R. at 101; *Cf. In re Caicedo,* 159 B.R. 104 (Bankr. D.Conn.1993) (finding the prejudice to the lienholder more significant where the delay was eight years and the amount of the lien was only $2,700). The court concludes that the respondent has not met its burden of proving prejudice due to the delay outweighs the harm to the debtors of not allowing their motion to proceed. *See, e.g. Fairchild,* 285 B.R. at 101 (court should balance debtors' delay against prejudice suffered by respondent). Accordingly, the respondent's claim of laches is overruled and the court will address the merits of the avoidance motion.

### B. Lien Avoidance

■ Bankruptcy Code § 522(f)(1) permits a debtor to avoid the fixing of a judicial lien on debtor's property "to the extent that such lien impairs an exemption to which the debtor would have been entitled...." Subparagraphs (f)(2)(A) and (B) provide:

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The respondent argues that "the Debtors have not established the value of the real property, and therefore the Court cannot conclude that the Respondent's lien impairs their homestead exemption." (Res. Br. at 4.) The court finds otherwise.

■ "Courts have generally held that an owner is competent to give his opinion on the value of his property...." Russell, *Bankruptcy Evidence Manual,* § 701.2 (2006 ed.) (citations omitted). The debtors testified that, as of the petition date, the home had a value of $90,000, the price they had paid for it one year earlier. The $90,000 purchase price is further attested to in the debtors' documentary evidence. (*See* Exh. 2 (warranty deed), 4 (mortgage application).) The respondent introduced no evidence of value of the home. The court concludes that the value of the home, as of the petition date, was $90,000. The outstanding mortgage balance as of the petition date was $80,446.08 [3] and the debt-

---

3. The outstanding balance after payment of the May, 2002 payment. (Exh. 6.) The amount scheduled in the petition, $80,516.63, was the amount shown on the line above the correct one in the amortization schedule. Be-
cause the debtors' correction, conceded by debtors' counsel at the hearing, operates in favor of the respondent, which has not objected to it, the court will use the corrected amount. This discrepancy accounts for the

ors have claimed a homestead exemption of $9,483.37.

In accordance with § 522(f)(2), the respondent's judgment lien impairs the debtor's exemption to the extent that it exceeds, as of the petition date, the value of the home, reduced by the mortgage and the debtors' claimed exemption, i.e., to the extent it exceeds $70.55, calculated as follows:

| Value of the Home | $90,000.00 |
|---|---|
| –Mortgage Balance | – $80,446.08 |
| –Exemption | – $ 9,483.37 |
| Maximum Judgment Lien Remaining | $ 70.55 |

## V.

### CONCLUSION

In accordance with the forgoing discussion, the court concludes that the respondent's judgment lien be avoided to the extent that it exceeds $70.55, and that judgment shall so enter. It is

**SO ORDERED.**

small amount of the judgment lien that remains unavoided.