**In re Thomas Carlton MALE, Sr., Arlene Dail Male, Debtors.**

No. 01–04486–8–JRL.

United States Bankruptcy Court,
E.D. North Carolina,
Wilmington Division.

Jan. 25, 2007.

Anthony L. Register, Alley, Register & McEachern, Wilmington, NC, for Debtors.

## ORDER AVOIDING JUDICIAL LIEN AND ALLOWING EXEMPTION IN REAL PROPERTY

RANDY D. DOUB, Bankruptcy Judge.

The matters before the court are the debtors' motion to determine valuation of real property and to declare the claim of Christina James as unsecured, the debtors' motion to avoid judicial lien, and the debtors' motion to amend schedules to claim an exemption in their real property. On January 17, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

On June 11, 2001, the debtors filed for relief under Chapter 13 of the Bankruptcy Code. The debtors scheduled their real property located at 30 Antoinette Drive in Wilmington, North Carolina, as having a current market value of $87,000.00 as of the petition date. The debtors scheduled

Equity One as having a first mortgage claim of $56,000.00 plus an arrearage claim of $2,200.00 and Fairbanks Capital Corp. as having a second mortgage claim of $31,401.00 plus an arrearage claim of $3,000.00. The debtors scheduled Christina James as holding a judgment with an unsecured nonpriority claim of $25,000.00. The debtors did not claim an exemption in their real property on Schedule C–4, pursuant to N.C. Gen.Stat. 1C–1601(a)(1). They did protect their vehicle by claiming a $1,500.00 automobile exemption, pursuant to N.C. Gen.Stat. 1C–1601(a)(3), and a $3,500.00 wildcard exemption, pursuant to N.C. Gen.Stat. 1C–1601(a)(2). On June 13, 2001, the court entered a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines." The notice, in pertinent part, provided the instructions, form, and deadline for filing a proof of claim in the case, and gave the date, time, and location of the § 341 meeting. It also stated the following:

> Objections to confirmation, if any, must be filed in writing with the court and the trustee within ten days after the 341 meeting. If no objections are filed, the plan may be confirmed by the court. Objections to the trustee valuation of property must be filed in writing within ten days of the 341 meeting.

The notice was sent to creditors including Christina James. Equity One filed a claim higher than scheduled, including a first mortgage claim of $59,017.63 and an arrearage claim of $2,467.39. Ms. James obtained a judicial lien on the real property through a civil cause of action for the principal amount of $19,069.49 recorded in Book 137 at Page 280 with the Clerk of Court in New Hanover County. Ms. James' counsel conceded at the hearing that Ms. James had filed a proof of claim in the amount of $26,802.94 without the assistance of counsel, did not list the claim as secured, and did not attach a copy of her recorded judgment to the proof of claim.

At the hearing, the trustee stated that, in addition to receiving a copy of the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines," an acknowledgment of claim was sent to all creditors who filed claims in the case indicating the amount and status of the claim. The acknowledgment of claim contained a notice provision providing a method of recourse in the event the creditor was dissatisfied with the proposed treatment. On August 14, 2001, the court entered an order confirming the plan, which acknowledged Ms. James' recorded judgment but treated the claim of $26,802.94 as unsecured. Ms. James was paid $1,574.79 through the debtors' plan. On June 28, 2004, the debtors received a discharge. On September 1, 2004, a final decree was entered in the case.

On November 13, 2006, the debtors moved to reopen the case to avoid the judicial lien asserting that they had inadvertently failed to void the lien during the bankruptcy case. The court granted the motion to reopen the case. The debtors assert that, at the time the case was filed, there was no equity in the property to support Ms. James' judgment lien and that she was treated as an unsecured creditor and paid accordingly through the plan. The debtors assert that they are entitled to a $20,000.00 exemption in the real property, pursuant to N.C. Gen.Stat. 1C–1601(a)(1). The debtors seek the court to determine the value of the real property and to declare Ms. James' claim as unsecured. Moreover, they seek to void the judicial lien and to amend their schedules to claim an exemption in the real property.

Ms. James asserts that the debtors gained an advantage of protecting their

vehicle in their Chapter 13 case by using the automobile and wildcard exemptions. However, at the hearing, Ms. James conceded that the debtors' advantage would have been no different if the debtors had also taken an exemption in their real property, as they had no equity in the property. Ms. James' primary argument is that the debtors waited too long to void her judicial lien, as their motions were filed more than five years after commencement of the bankruptcy case and over two years after the final decree. Ms. James asserts that this delay has resulted in prejudice to her, as it has impaired her ability to determine the value of the property and the mortgage balances at the time of the bankruptcy filing. Ms. James does not assert that she failed to receive proper notice of treatment of her claim in the bankruptcy case.

■ "[I]n order to 'provide for' a creditor for purposes of § 1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan." *Deutchman v. Internal Revenue (In re Deutchman)*, 192 F.3d 457, 461 (4th Cir.1999). While the case of *Deutchman* involved tax liens, which are statutory liens not voidable under 11 U.S.C. § 522(f)(1), the case is instructive on whether a debtor has "provided for" a creditor in his plan for purposes of determining whether confirmation has preclusive effect against that creditor. In *Deutchman*, the debtor treated a tax debt as unsecured in his plan even though the IRS had valid liens on his real property that secured the majority of the claim. *Id.* at 458–459. In addition, the debtor substantially reduced the amount of the tax debt in his plan. *Id.* Thereafter, the IRS filed a proof of claim listing the bulk of the claim as secured. *Id.* at 459. The debtor did not challenge the secured claim, and there was no indication that the real prop-

erty to which the liens attached was of insufficient value to secure the bulk of the claim. *Id.* at 460, n. 2. Two years after confirmation, the debtor brought an adversary proceeding seeking a declaratory judgment that his confirmed plan had res judicata effect against the IRS and that the real property would vest in him free and clear of the IRS' liens upon completion of payments under the plan. *Id.* at 459. Even though the IRS had not objected to confirmation of the plan, the court held that the debtor had not "provided for" the IRS' claim, as it had misrepresented the nature of the claim in its plan. *Id.* at 461. Thus, completion of plan payments did not extinguish the IRS' liens on the property. *Id.*

■ In the case at bar, while the debtors failed to take any step to void Ms. James' lien under § 522(f)(1) prior to discharge, the court finds that the debtors did not misconstrue the nature of the debt in their plan. After the first and second lien on the real property, there was no equity to secure Ms. James' judgment. Moreover, treating Ms. James' claim as unsecured in the plan was consistent with the proof of claim that she filed in the case. Finding Ms. James had sufficient notice of claim treatment, the court acknowledges the res judicata effect of the confirmation order, which treated Ms. James' claim as unsecured. *See First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enter., Inc.)*, 81 F.3d 1310, 1315 (4th Cir.1996). The debtors move the court to determine the valuation of the real property and to declare Ms. James' claim as unsecured. To support the debtors' motion, a local real estate appraiser testified at the hearing that the current value of the property at the time the debtors filed their petition was $82,000.00, which was less than the current value scheduled by the debtors. The court

242

denies the motion as moot, as the preclusive effect of confirmation established the claim as unsecured.

■ The court now considers whether the debtors can avoid Ms. James' judicial lien even though no equity existed in their residence at the time of filing bankruptcy. The United States District Court for the Eastern District of North Carolina has answered in the affirmative that debtors can avoid a judicial lien against their residence, pursuant to 11 U.S.C. § 522(f)(1), and claim an exemption in their real property, pursuant to N.C. Gen.Stat. § 1C–1601(a)(1), even though no equity existed in their residence. *In re McQueen,* 196 B.R. 31, 34 (E.D.N.C.1995). The district court concluded that this outcome is consistent with the language of § 522(f)(1) and the legislative history of the 1994 amendments. *Id.* at 33–34. It is also consistent with the basic bankruptcy principle of "fresh start."[1]

■ As for any delay in reopening the case to obtain the relief requested, the court notes that there are no time limitations under § 522(f)(1) on the debtors' motion to avoid lien. 11 U.S.C. § 522(f)(1). The doctrine of laches, however, is an equitable defense that a creditor may raise to bar the requested relief of a debtor upon a showing that the debtor was guilty of unreasonable delay which prejudiced the creditor. *Saucier v. Quantum Varde Asset Fund, LLC (In re Saucier),* 353 B.R. 383, 386 (Bankr.D.Conn.2006); *In re Webb,* 48 B.R. 454, 458 (Bankr.E.D.Va.1985).

■ The bankruptcy court has great discretion in determining whether a debtor should be able to reopen a case to avoid the lien of a creditor and in deciding whether any such prejudice exists. *Hawkins v. Landmark Finance Co.,* 727 F.2d

324, 326–27 (4th Cir.1984); *Webb,* 48 B.R. at 457. While there was considerable delay in reopening the case to bring the subject motions, "[p]assage of time in itself does not constitute prejudice. But delay may be prejudicial when it is combined with other factors." *Id.* (quoting *In re Bianucci,* 4 F.3d 526, 528 (7th Cir.1993)). The fact that Ms. James will lose the judicial lien is not prejudicial, as it is purely an "accidental benefit" that the lien still exists as a result of the debtors' inadvertence in failing to avoid the lien. *Hawkins,* 727 F.2d at 327 (holding that, while other factors constituted prejudice, the fact that the creditor would lose the lien if relief was granted was not prejudicial)("We do not think that Landmark can assert the denial of an accidental benefit that it obtained as a result of a mistake on the part of the debtors or their counsel as prejudice."). Ms. James provided no evidence to quantify her allegations of prejudice that she would be hampered in valuing the property and determining the mortgage balances as of the petition date. Moreover, Ms. James provided no evidence that she had incurred costs in reliance on the judicial lien, such as bringing a foreclosure proceeding. *See Hawkins,* 727 F.2d at 327 (finding prejudice as a result of delay *coupled* with creditor's expenses for foreclosure proceeding in reliance on the lien). The court concludes that Ms. James failed to meet her burden of proving that prejudice due to the delay outweighed the harm to the debtors in not allowing their motions to avoid the lien and to claim the property exemption.

Based on the foregoing, the court grants the debtors' motion to avoid the judgment lien of Christina James, pursuant to § 522(f)(1), recorded in Book 137 at Page

---

**1.** While *McQueen* was a Chapter 7 case, the 1994 amendments and the "fresh start" policy for debtors applies to both Chapter 7 and Chapter 13 cases.

280 in the Clerk of Court's Office in New Hanover County. The court grants the debtors' motion to amend their schedules in order to claim an exemption of $20,000.00 in their real property, pursuant to N.C. Gen.Stat. § 1C–1601(a)(1).